BAIRD ET AL V. BROOKS ET AL.

1. **Estates of Decedents**: TITLE TO PROPERTY. No action can be maintained by the heirs of a decedent upon a promissory note, the property of the decedent at the time of his death, when the time for granting letters of administration has not expired. Such note belongs to the estate and not to the heirs. *Haynes v. Harris*, 33 Iowa, 516, followed; *Phinny v. Warren*, 52 Id., 332, distinguished.

*Appeal from Carroll Circuit Court.*

FRIDAY, OCTOBER 24.

THIS action was commenced before a justice of the peace upon a promissory note. The defendant, Brooks, was not served with notice of the action. Defendant, Hoyt, appeared and answered, and judgment was rendered against him. He appealed to the circuit court. The cause was submitted in that court upon an agreed statement of facts, and judgment was rendered for the plaintiff. Defendant, Hoyt, appeals.

*Geo. W. Paine*, for appellants.

*J. E. Griffith*, for appellees.

ROTHROCK, CH. J.—The agreed statement of facts is as follows:

1. The defendants made and delivered to W. V. Baird the note sued on in this action, and defendant, Hoyt, was surety thereon.

2. The said W. V. Baird, after giving said note, and before the commencement of this action, died, intestate, leaving the plaintiffs his heirs at law; and no administration has been granted on the estate of said W. V. Baird.

3. That the said Baird was the owner of the said note at his decease, and the only title the plaintiffs have to said note is the right they have as heirs at law of said W. V. Baird.

4. Said L. H. Brooks has not been served with original notice in this action.

That plaintiffs, the heirs at law of W. V. Baird, are all of lawful age.

That before the commencement of this suit defendant, Brooks, removed to Webster county, Iowa, and, though notice of the pendency of this suit was sent to the sheriff of said Webster county, defendant, Brooks, was not found.

The question presented by counsel for appellant is whether the plaintiffs can maintain the action. It is claimed by counsel that the heirs of W. V. Baird have no authority or control over the personal assets of the estate, and cannot collect the debts due, because such authority and control is vested in the administrator of the estate. It is claimed for appellee that the defendant should have demurred, and that he cannot raise a question as to defect of parties in this court. It appears, however, that Hoyt appeared and answered. What his answer was is not shown. We will presume that the agreed facts were pertinent to the issue. Besides, we think that the objection was properly presented in the statement of facts, and, under section 3413, of the Code, a submission of a case upon an agreed statement of facts "shall be an abandonment by both parties of all pleadings filed in such cases."

The question here presented is not an open one in this state. In *Haynes v. Harris*, 33 Iowa, 516, it was expressly

held that no action could be maintained by the heirs of a decedent upon a promissory note, the property of the decedent at the time of his death. That is the precise question in this case. In that case, as in this, the period fixed for granting letters of administration had not expired. In *Phinny v. Warren*, 52 Iowa, 332, the time for granting letters of administration had expired, and it was held that the heirs could maintain the action. Following the case of *Haynes v. Harris*, the judgment of the circuit court must be

REVERSED.