## PERRY & TOWNSEND v. MILLS et al.

**Former Adjudication:** ITEMS DUE BUT NOF INCLUDED IN FORMER ACTION: TRUSTEE AND BENEFICIARY. An action for rents or royalties of coal lands accruing in 1884, is a bar to a subsequent action between the same parties and privies for rents and royalties accruing in the year 1883, and which might have been included in the first action. And even if the plaintiffs in the second action did not personally appear as such in the first action, but it was rightfully brought by another for her own benefit and that of the plaintiffs in the second action, such plaintiffs are bound thereby the same as if they had personally been parties to the first action. [REED, C.J., dissenting.]

*Appeal from Monroe District Court.*—HON. H. C. TRAVERSE, Judge.

FILED, JANUARY 23, 1889.

ACTION at law to recover a certain royalty or rent accruing upon a lease of coal lands, which was assigned to plaintiffs by one of the lessors in payment of services rendered by them as attorneys for him. The case was tried without a jury, and judgment had for defendant. Plaintiffs appeal.

*T. B. Perry* and *J. S. Townsend,* for appellants.

*McNett & Tisdale,* for appellees.

BECK, J,—I. The defendants Mills and Frederick were sureties, guarantying the payment of certain royalty or rent for coal lands undertaken to be paid by the principals to the lessors, Aaron Hicks, William Hicks and Martin Hicks. William and Aaron Hicks assigned their interests in the royalty or rent to Douglass, and by successive transfers it was acquired by Lucy M. Steele. The undivided one-half of this was transferred to plaintiffs in payment of services rendered by them as attorneys. It is not necessary to state the facts connected with these transfers, as they do not determine the questions involved in the case. This action is brought by plaintiffs to recover from the sureties the rent or royalty due to plaintiffs under the

assignments as aforesaid, for the months of October, November and December, 1883. Douglass and Lucy M. Steele are joined as defendants in this case. As a defense to the action, defendants pleaded that plaintiffs, uniting in an action with Lucy M. Steele, prosecuted an action, and recovered judgment therein, against the sureties and their principals, for the royalty or rent due in the months of January, February, March, April and part of May, 1884. It is insisted that plaintiffs cannot now maintain this action for royalty which could have been recovered in the prior action for royalty falling due after those sued for in this action.

II. It is not denied that, if plaintiffs have prosecuted an action in which they could have joined the cause of action in this case, they are now barred from prosecuting this action. There is no controversy upon the question of law involved on this point. But counsel for plaintiffs insist that it is not applicable to the case, mainly for the following reason: Lucy M. Steele held the right to collect all the royalty, for the reasons that plaintiffs' interest, by the terms of assignment, was subject to and payable after a sum, to secure which the royalties had been assigned, was paid to her, and that plaintiffs' rights were subordinate to hers, and she had the power to control the royalties so far as demanded to effectuate the security for which she held the assignment. It is claimed that plaintiffs are not responsible for what was done by her. But in my opinion the ready reply to counsel's position, which overthrows their argument, is that, conceding that her power and authority is just what counsel claim, she was the trustee authorized to prosecute the action for her own benefit, and the benefit of plaintiffs. Of course, these rights are precluded by the acts of the trustee seeking, as she was authorized to do, to enforce her rights, and the rights of plaintiffs, to collect the royalty. It is very plain that if Lucy M. Steele had the right to prosecute the action for her own benefit, and the benefit of plaintiffs, they are bound by her acts just as she is herself. But plaintiffs were in fact parties to that action. They

united with Lucy M. Steele in seeking to recover for royalties falling due after those accrued for which this suit is brought. We think the prosecution of the prior action to recover the royalties maturing after the royalties sued for in this case under the law bars this action.

We think nothing more need be said in the case. The defendants and Frederick appealed. But, in view of the affirmance of the judgment, the questions raised on the appeal need not be considered. The former case was brought by appeal to this court. See 68 Iowa, 406. A reference to the opinion in that case will discover facts not stated in this decision. The judgment of the district court is

AFFIRMED.

REED, C. J., dissenting.