J. N. CASSADY, Surviving Partner of J. P. & J. N. Cassady, v. D. E. H. GRIMMELMAN, D. E. H. GRIMMELMAN, Administrator of the Estate of W. R. Grimmelman, Deceased, Appellants, and J. W. DOANE *et al.,* Receivers, Defendants, and MARGARET HAMILTON and A. W. CASSADY, Interveners, Appellees.

**Limitation of Actions:** CHANGE OF STATUTE. A new statute shortening the time of limitations will not bar a recovery on a cause of action which would be barred at the time of its passage according to the shortened term, until the lapse of a reasonable time in which to commence the action.

RULE APPLIED. Under Code 1873, section 2541, providing that in computing the time for the commencment of an action, the time within which such action was stayed by statute shall not be counted; and section 2521, providing that no action shall be brought on a judgment within fifteen years after its rendition, and barring an action thereon after twenty years,—limitations on an action on a judgment do not commence to run until fifteen years after its rendition. Code 1897, section 3439, in effect October 1, 1897, amends Code 1873, section 2521, by providing that, in computing the period of limitation on such action, the fifteen years shall be included. *Held,* that the amendment does not bar proceedings to enforce a judgment commenced more than twenty years after its rendition, where such judgment was rendered in June, 1897.

ROBINSON, C. J., and WATERMAN, J., dissenting.

**Heirs:** JUDGMENT AGAINST. Under McClain's Code, section 3731, providing that damages for wrongful death shall be disposed of as personalty of the decedent, and shall not be liable for his debts, where he leaves a child, wife or parent, money recovered for the wrongful death of a person leaving a father and mother and no wife or child immediately descends to the father and mother in equal shares, and their interest therein may, after payment of the judgment into court, be applied in payment of a judgment against them, under Code 1873, sections 3150, 3154, authorizing the court, in proceedings to enforce a judgment, to direct moneys or property in the hands of a third person to be applied in payment of the judgment.

REMEDIES. An administrator, who is also an heir, is not subject to garnishment for his distributive share to satisfy a judgment

against himself individually, since the only effect of the proceeding would be to give plaintiff another judgment, of no more effect than the one he already has. And there being no adequate legal remedy, equity will compel a judgment debtor who, as administrator of an estate, has possession of moneys belonging to himself individually, as his distributive share, to apply such moneys in payment of the judgment.

EVIDENCE. In equitable proceedings, under Code 1873, sections 3150, 3154, to compel a judgment debtor to apply, in satisfaction of the judgment, moneys which, as administrator of the estate, he holds for himself individually, as his distributive share of such estate, decedent's unprobated will, not pleaded either in bar or in abatement is immaterial.

PARTIES. In a proceeding to subject to the payment of a judgment the interest of one of the next of kin of a decedent in a judgment recovered for negligently causing the death of said decedent, the other next of kin are not necessary parties.

*Appeal from Pottawattamie District Court.*—WALTER I. SMITH, Judge.

FRIDAY, JANUARY 27, 1899.

SPECIAL proceedings to subject D. E. H. Grimmelman's interest in a certain judgment rendered in his favor, as administrator, against the Union Pacific Railway, to the payment of a judgment against said Grimmelman. The trial court granted the relief prayed, and Grimmelman appeals.—*Affirmed.*

*Harl & McCabe* for appellant.

*Finley Burke* and *A. W. Askwith* for appellee.

*Wright & Baldwin* for appellee Margaret Hamilton.

*Clyde B. Aitchison* for appellees A. W. Cassady and others.

DEEMER, J.—The facts are not in dispute. On the first day of February, 1876, a co-parnership, doing business under the firm name of J. P. & J. N. Cassady, recovered judgment against D. E. H. Grimmelman for something over

four hundred dollars in the circuit court of Pottawattamie county. In January of the year 1895, D. E. H. Grimmelman, as administrator of the estate of W. R. Grimmelman, deceased, recovered judgment against the Union Pacific Railway Company in the sum of five thousand dollars for the death of said W. R. Grimmelman. That judgment was affirmed by this court. See 101 Iowa, 74. Plaintiff is the surviving partner of the firm of J. P. & J. N. Cassady, and, as such, instituted these proceedings, supplemental to execution, under provisions of section 3150 *et seq.* of the Code of 1873, to subject the interest of D. E. H. Grimmelman to the payment of the Cassady judgment. They were commenced on the first day of August, 1896, and the persons above named, as defendants, were made parties to the proceedings. W. R. Grimmelman was never married. He left surviving him, D. E. H. Grimmelman, his father, and M. A. Grimmelman, his mother, who are his sole heirs at law. The money due from the railway company was deposited with the clerk of the district court to be disposed of by order of court. The trial court subjected sufficient of the funds recovered to the payment of the judgment, and D. E. H. Grimmelman, administrator, appeals from this order.

Appellant's first contention is that plaintiff's judgment was more than twenty years old when this action was commenced, and is therefore barred. That contention is answered by the case of *Weiser v. McDowell,* 93 Iowa, 772. But it is said that Code, section 3439, has changed the rule announced in that case, and that plaintiff's judgment is barred. The section of the Code of 1873 (2521) which was construed in the *Weiser Case* has been amended so that a judgment is now barred by the statute in twenty years from its rendition. But it must be remembered that this action was determined in the lower court in June of the year 1897, and that the Code went into effect October 1, 1897. Now, while it is true that a statute of limitations relates only to the remedy,

and may be changed from time to time without impairing the obligation of contracts, yet the legislature has no power to cut off the remedy or bar a suit upon an existing cause of action instanter. A reasonable time must be given within which to prosecute existing causes of action under the new statute. *Maltby v. Cooper,* 1 Morris (Iowa) 59; *Berry v. Randall,* 4 Metc. (Ky.) 292; *Call v. Hagger,* 8 Mass. 423; *Osborn v. Jaines,* 17 Wis. 573; Cooley Constitutional Limitations (6th ed.) pp. 449, 450, and cases cited. The amendment to section 2521 of the Code of 1873 does not apply to plaintiff's judgment. If the legislature so intended it, it was doing that which the constitution forbids, and its act is of no avail.

II. Next, it is insisted that D. E. H. Grimmelman had no interest in the judgment which D. E. H. Grimmelman, as administrator, recovered against the railway company; that his interest was in the estate of his deceased son; and that, as he has no interest in the judgment, this action will not lie. The proceedings are under sections 3150-3154 of the Code of 1873, which provide for an equitable action after judgment, to subject any property, money, rights, credits, or interests therein belonging to defendant to the satisfaction of the judgment. It is provided that, in such action, persons indebted to the judgment defendant, or holding any property or money in which such debtor has any interest or the evidence of securities for the same, may be made defendants, and that the court may order the surrender of the money or securities therefor, or any other property of defendant in execution which may be discovered in the action. Doubtless it is true D. E. H. Grimmelman had no property interest in the judgment recovered by him, as administrator of his deceased son's estate, against the railway company. But the statute (section 3731 of McClain's Code) provides that the damages recovered in such cases shall be disposed of as personal property belonging to the estate of the deceased "except that if the

deceased leaves a husband, wife, child or parent, it shall not be liable for the payment of debts." As the amount recovered was not subject to the debts of decedent, it descended in equal parts to the father and mother of the deceased. Now, the statute (Code 1873, section 2438) further provides that the property itself shall be distributed in kind whenever that can be done satisfactorily and equitably. And section 2437 further provides that "the distributive shares shall be paid over as fast as the [administrator] can properly do so." It follows, then, that the money, when recovered, immediately descended to the father and mother of the deceased, and that it was not subject to the payment of his debts. When this action was commenced, the money had not actually been paid to the administrator, but during the course of the trial it was deposited with the clerk. When so deposited, D. E. H. Grimmelman surely had such an interest therein that it could be reached by proper proceedings. As sustaining our conclusions, see *Kelley v. Mann*, 56 Iowa, 625, and *Rhode v. Bank*, 52 Iowa, 375, which construe a somewhat similar statute. The cases of *Haynes v. Harris*, 33 Iowa, 516, and *Baird v. Brooks*, 65 Iowa, 40, are not in point, as an examination will show.

It is argued, however, that plaintiff's remedy was by garnishment of the administrator, and that, as he had this remedy by law, he could not bring an equitable proceeding. The case of *Shepherd v. Bridenstine*, 80 Iowa, 225, is a complete answer to that contention. It is there held, under an exactly similar state of facts, that garnishment will not lie. Some of us are disposed to doubt the doctrine of that case; but as it has stood for more than eight years, and as the profession generally have acted upon the rule there announced, we do not feel like overturning it. It is a rule of practice which ought not to change with the personnel of the court. There being no remedy by garnishment, and there being no other at law, equity will afford relief; and that relief must be by such proceedings as were

adopted in the case now under consideration. The statute allowing such action is remedial in character, and should be liberally construed, so as to give full effect to the purpose in view.

Appellant read in evidence what purported to be the last will and testament of W. R. Grimmelman, filed March 23, 1897, but which was never admitted to probate. Counsel say in argument that this is a complete defense .to the proceedings. It is true that the record shows that April 19, 1897, was fixed as the time for the probate of the instrument. It does not seem to have been probated, however, and no proceedings other than those mentioned have been had with reference thereto. As the will was not probated, and as appellant did not plead the making of the will, either in abatement or bar, we have no occasion to further consider the matter, as it is entirely immaterial to any issue in the case.

Further, it is said that M. A. Grimmelman, mother of deceased, was a necessary party to the proceedings. We do not think so. She had no property belonging to the deceased, and was not interested in any of the funds belonging to D. E. H. Grimmelman. Nothing that might be done in this case could in any manner affect her interest in the estate of her deceased son.

We have now disposed of all the controlling questions in the case, and are of opinion that the trial court did not err in subjecting a part of the money in which D. E. H. Grimmelman had an interest, which was then in the hands of the clerk of the district court to the payment of plaintiff's judgment.—AFFIRMED.

ROBINSON, C. J. (dissenting).—For reasons stated in the dissenting opinion filed in the case of *Weiser v. McDowell*, 93 Iowa, 772, I do not agree with so much of the foregoing opinion as approves and follows the decision in that case.

WATERMAN, J., unites in this dissent.