CHANCEY J. BLAIR, Appellant, v. C. A. OSTRANDER et al.

CHANCEY J. BLAIR, Appellant, v. THOMAS EARLY et al.

Statutes: STATE POWER OVER LIEN OF FEDERAL STATUTES: *Subsequent sanction of state statute*    Though acts 1878, chapter 129, section 2, requiring judgments of the federal courts to be filed in
1  the county in which the land is situated, to make them liens on the land, was ineffectual when passed yet when acts of congress 1888, chapter 729, requiring judgments of federal courts to conform to the state regulations as to the recording, filing, etc., was enacted, the statute became effectual, and a re-enactment was not necessary.

Validity of Contracts: PRESUMPTIONS. Where it is contended that a statute is void as impairing the contract in suit, but the plead-
2  ings do not show when the contract was executed, the court will not presume that it antedated the statute.

*Appeals from Adair District Court.*—HON. JAMES D. GAMBLE, Judge.

TUESDAY, OCTOBER 10, 1899.

ACTIONS in equity to redeem real estate from sheriff's sale and for an accounting. A demurrer to the petition in each case was sustained, and, the plaintiff refusing to plead further, judgments were rendered dismissing the petitions. The plaintiff appeals in each case.—*Affirmed.*

*H. E. Long* for appellant.

*John A. Storey* for appellee Ostrander.

*Smith McPherson* for appellee Early.

ROBINSON, C. J.—The material facts stated in the petition are as follows: In the year 1884, one D. J. Clark, then the owner of a section of land in Adair county, executed mortgages thereon to the Creston Loan & Trust Company. The mortgages were afterwards foreclosed, the land sold to satisfy the mortgage debts, sheriff's deeds were issued, and the defendants Ostrander and Early now own the interests conveyed by the sheriff's deeds. The mortgages were foreclosed in the district court of Adair county, and the decrees of foreclosure were rendered on the 28th day of August, 1889. On the 14th day of May, 1889, the plaintiff recovered in the United States circuit court for the Southern district of Iowa judgment against Clark for nineteen thousand two hundred and five dollars and sixteen cents. The plaintiff was not made a party to the foreclosure proceedings, and for that reason claims the right to redeem from the sales. He had never filed a transcript of his judgment in Adair county, and his alleged right to redeem depends upon the effect to be given to certain federal and state statutes in regard to judgment liens, and the filing of transcripts in counties other than those in which the judgments are rendered. Section 2882, Code of 1873, as amended by chapter 129, Acts Seventeenth General Assembly, enacted in 1878, provided that "judgments in the supreme, district, or circuit court of this state are liens upon the real estate owned by the defendant at the time of such rendition, and also upon all he may subsequently acquire for the period of ten years from the date of the judgment." Section 2 of the chapter cited is as follows: "Judgments in the district or circuit court of the United States, if rendered in this state, may be made liens upon the real estate owned by the defendant, and also upon all he may subsequently acquire for the period of ten years from the date of the judgment by filing an attested copy of the judgment in the office of the clerk of the state district court of the county in which the land lies; and no lien shall attach to the lands in any county of

this state until the date of filing such transcript, except in
the county wherein the judgment was rendered, in which
case the lien shall attach from the date of such rendition."
It is well settled that the legislature of a, state has no inde-
pendent power to limit or affect the proceedings in, or
process from, federal courts. *Wayman v. Southard,* 10
Wheat. 1; *Bank v. Halstead,* 10 Wheat. 51; *Beers v. Haugh-*
*ton,* 9 Pet. 329. Judgments were not liens on land at com-
mon law, but were made liens by early English statutes,
and in this country by the statutes of different states. 1
Jones Liens, section 13; Freeman Judgments, section
339; 12 Am. & Eng. Enc. Law, 104. Judgments of fed-
eral courts are liens upon the real estate of the judg-
ment debtor, where similar judgments of state courts
are made liens by the law of the state. *Ward v. Chamber-*
*lain,* 2 Black, 430. If, in such a case, a judgment of the
state court operates as a lien only within the county in which
the judgment is rendered, nevertheless a judgment of the
federal court would operate in like manner, not only in the
county in which it was rendered, but, if not restricted by
rule or statute, would operate throughout the district in
which the court had jurisdiction. *Massingill v. Downs,* 7
How. 760; Freeman Judgments, section 405; 12 Am. &
Eng. Enc. Law, 104. Prior to the 1st day of August, 1888,
congress had not enacted any law which authorized or gave
effect to the statutes of this state to which we have referred.
It follows, from the authorities cited, that prior to that, date
judgments of the district and circuit courts of the United
States were liens upon real estate of the judgment debtors
subject to execution throughout the districts in which the
judgments were rendered, nothwithstanding the limitation
attempted to be made by the statutes of this state. On the
date specified, chapter 729 of the Acts of the First Session
of the Fiftieth Congress was approved. That provided
"that judgments and decrees rendered in any circuit or dis-
trict court of the United States within any state, shall be

liens on property throughout such state in the same manner and to the same extent and under the same conditions only as if such judgments and decrees had been rendered by a court of general jurisdiction of such state: provided, that whenever the laws of any state require a judgment or decree of a state court to be registered, recorded, docketed, indexed, or any other thing to be done, in a particular manner or in a certain office or county, or parish in the state of Louisiana, before a lien shall attach, this act shall be applicable therein whenever and only whenever the laws of such state shall authorize the judgments and decrees of the United States courts to be registered, recorded, docketed, indexed, or otherwise conformed to the rules and requirements relating to the judgments and decrees of the courts of the state." It is claimed that the statute enacted by the general assembly of this state in the year 1878 was void when passed, and the act of congress set out did not give it effect. That it was not effectual prior to the taking effect of the act of congress is, as we have seen, true; but it does not follow that the end sought to be accomplished could be attained only by the enactment of a new statute after the act of congress was passed. In the case of *Rahrer,* 140 U. S. 545, (11 Sup. Ct. Rep. 865), the effect of a statute of the state of Kansas in regard to the sale of intoxicating liquors within the state was considered. It was passed before the act of congress of August 8, 1890, entitled "An act to limit the effect of the regulations of commerce between the several states and with foreign countries in certain cases," which made subject to the laws of the state intoxicating liquors transported into it, and it was contended that, as the Kansas statute had not been re-enacted, it was without effect as to intoxicating liquors taken into the state. But the supreme court of the United States held, in effect, that the state statute was not effectual as against intoxicating liquors brought into the state until the act of congress took effect, not because the act of the state was void, but for the reason that

there was an impediment to its enforcement, which the act of congress removed, and it was said that there was "no adequate ground for adjudging that a re-enactment of the state law was required before it could have the effect upon imported, which it had always had upon domestic, property." Although the state statute considered in that case was enacted in the exercise of the police power of the state, and the one in question was not, we are of the opinion that the same general principle applies in both cases. The statutes of this state in terms required the filing of transcripts of judgments rendered by both state and federal courts in counties other than those in which the judgments were rendered, in order to create liens on real estate in such other counties. The act of congress of August 1, 1888, made judgments of circuit and district courts of the United States, rendered within any state, liens on property throughout such state in the same manner, and to the same extent, and under the same conditions, as if such judgments had been rendered by a court of the state having general jurisdiction. To that extent the statute of this state in regard to judgments of the state courts was adopted. The provision that the act should take effect in a state, the laws of which required certain things to be done in respect to a judgment before a lien should attach, only whenever the laws of that state should authorize the doing of the same things relating to judgments of the federal courts, did not adopt any law of this state, but the effect of the act was to remove any obstacle to state legislation, or to confer authority for it, and there does not appear to have been any more reason for requiring the re-enactment of the state law in order to give it effect than there was for the re-enactment of the Kansas statute considered in the *Rahrer Case*. See *Bank v. Clark*, 55 Kan. Sup. 219 (40 Pac. Rep. 270).

It is contended in argument that the statutes we have considered are unconstitutional as to indebtedness contracted before the federal statute took effect, for the alleged reason

that, if enforced as against such indebtedness, they would impair the obligation of the contract by which the indebtedness was created. The case of *McCracken v. Hayward,* 2 How. 608, and cases holding the rule therein announced, are cited as supporting the claim thus made. We have no occasion to determine whether it is well founded. The petitions do not show when the indebtedness on which the plaintiff's judgment was rendered was contracted, and we are not authorized to presume that it was incurred before the act of congress of 1888 took effect. A transcript of the plaintiff's judgment not having been filed in Adair county, the judgment was not a lien on the land in question when the decrees of foreclosure were rendered and the sheriff's sales were made, and the plaintiff is not entitled to redeem from the sales. The demurrers to the petitions were properly sustained, and the judgments of the district court are therefore AFFIRMED.