WILLIAM PARKS v. A. E. NORTON *et al.,* Appellants.

**Judgments of Justice:** ACTION UPON. An action on a judgment of a justice of the peace may be commenced at any time after eight years from its entry, and within the next ten years thereafter.

VALIDITY:   *Signature not essential.*   The judgment of a justice of the peace is not invalid because not signed by the justice.

*Appeal from Franklin District Court.*—HON. J. R. WHIT-AKER, Judge.

FRIDAY, OCTOBER 18, 1901.

ACTION begun in July, 1899, on three judgments entered by a justice of the peace of Franklin county in 1882. The defense was a general denial and plea of the statute of limitations. Judgment was entered as prayed, and defendants appeal.—*Affirmed.*

*E. P. Andrews* and *Taylor & Evans* for appellants.

*John M. Hemingway* for appellee.

LADD, J.—The judgments appear to have been regularly entered, though one of them was not signed by the justice. No statute of this state so requires. Nor was this essential at the common law. What is referred to in the books as signing was merely the allowance or permission to a party by the officer rendering a decision to have judgment entered in his favor when entitled thereto. *French v. Pease,* 10 Kan. 51; *Eastman v. Harteau,* 12 Wis. 267. The judgment held valid in *Church v. Crossman,* 41 Iowa, 373, was not signed, though the point does not appear to have been made. In *Gunn v. Tackelt,* 67 Ga. 725, where the justice had merely signed his initials, the judgment was sustained. See, also, *Clapp v. Hawley,* 97 N. Y. 610, and *Hollister v. Giddings,* 24 Mich. 501. The better practice demands the identification of judgments of courts not of record by the signature of the officer rendering them, but this cannot be regarded as essential to their validity.

II. It will be observed that 17 years had elapsed after the rendition of these judgments before the action was

begun. While some members of the court are not content with the decision of *Weiser v. McDowell,* 93 Iowa, 772, all think this case ruled by that. Under the construction of the statute there given, suit might not have begun within 8 years after the entry, and might have been maintained at any time within 10 years thereafter. Attention is directed in argument to section 3569, Code 1873, providing that "executions for the enforcement of judgments in justice court may be issued at any time within ten years from the entry," and it is insisted that this must be the period of limitation, since under section 3025 "executions may be issued at any time before the judgment is barred by the statute of limitations." It is apparent that, as the latter statute is general in terms, the former, being specific, must under recognized rules of interpretation, be regarded as controlling. Under section 3129, the provisions of the chapter containing section 3025 "are intended to embrace proceedings in justice courts so far as they are applicable" only; and, in view of the express limitations of section 3569, it ought not to be held to apply. In any event, the matter of issuing execution on a judgment is quite another thing from bringing suit thereon; and, unless we are prepared to overrule *Weiser v. McDowell,* it must be held that the causes of action on these judgments of the justice of peace was not barred until 18 years after their entry. The effect, if any, wrought by the change in the law is not argued. But see *Casady v. Grimmelman,* 108 Iowa, 695.— AFFIRMED.