ALFRED Q. WOOSTER, Appellant, v. J. W. BATEMAN, ET AL.

**Judgments:** LIMITATION OF ACTION. By Code, sections 3439 and 3447, the time during which an action may be maintained on a judgment rendered in a court of record, is limited to the five years intervening between the expiration of fifteen years from its rendition and the twenty years therefrom when the same is barred.

**Statute of limitations:** AMENDMENT. The legislature may amend an existing statute so as to lengthen or shorten the time within which a cause of action on a judgment will be barred, without violating the constitutional prohibition against the impairment of contracts, if a reasonable time is given for the commencement of action before the bar becomes effectual.

**Limitations:** COMMENCEMENT OF ACTIONS: REASONABLE TIME. In determining whether the time allowed by a statute shortening the period of limitation for the commencement of action to enforce a right is reasonable, the time intervening between the passage of an amendment and the date it takes effect should be considered. In the instant case fifteen months so allowed in which actions might be brought on judgments otherwise barred by the amendment, is held reasonable.

**Constitutional law:** CLASSIFICATION: UNIFORMITY: DUE PROCESS OF LAW. The act of the legislature limiting the time within which actions should be commenced to enforce all judgments rendered between the taking effect of the Code of 1873 and the Code of 1897, is not unconstitutional for nonuniformity, as it applies to all such judgments as a class, and the act simply recognizes a classification made by prior legislation; nor is it void as depriving the judgment holder of rights without due process of law.

*Appeal from Mahaska District Court.*— HON. JOHN T. SCOTT, Judge.

SATURDAY, FEBRUARY 11, 1905.

A. W. NAYLOR obtained judgment in the circuit court for $57.56 and costs against J. W. Bateman January 7, 1878, and on the 22d day of September, 1903, assigned the same to the plaintiff, who seeks in this action to have certain land in the name of Francis A. Bateman subjected to its payment. The defendant's demurrer on the ground that the suit was barred by the statute of limitations was sustained, and as plaintiff elected to stand on the ruling his petition was dismissed, and he appeals.— *Affirmed.*

*Carver & Wooster* and *D. C. Waggoner,* for appellant.

*W. R. Nelson* and *John O. Malcolm,* for appellee.

LADD, J.— This action was begun November 20, 1903, to enforce a judgment entered in 1878. Under the Code of 1873 it might have been maintained at any time within the twenty years after the lapse of fifteen years from its rendition. *Weiser v. McDowell,* 93 Iowa, 772. But the statutes as they formerly stood have been so changed that the fifteen years from the rendition of a judgment within which suit against the defendant therein is prohibited is not to "be excluded in computing the statutory period of limitation for an action thereon." Sections 3447, 3439, Code. The result is that the period within which an action on a judgment may be maintained is but five years, or the time between the end of fifteen years and of twenty years after its rendition. In effecting this change no saving clause was included preserving the right to enforce judgments entered twenty years or more before the adoption of the Code, and for this reason it has been held inapplicable to them. *Cassady v. Grimmelman,* 108 Iowa, 695; *Norris v. Tripp,* 111 Iowa, 115; *Parks v. Norton,* 114 Iowa, 732.

1. JUDGMENTS: limitation of actions.

By chapter 137, page 103, of the Acts of the Twenty-Ninth General Assembly, however, the above sections were declared applicable "to all judgments rendered after the taking effect of the Code of 1873 and prior to the taking effect of the Code of 1897, but the time within which an action may be brought on any judgment rendered during said period, which would otherwise be barred by this amendment, is hereby extended one year after the taking effect thereof." That the Legislature may amend a statute of limitations, either shortening or extending the time within which an existing cause of action may be barred, without violating the constitutional prohibition against the passage of any law impairing the obligation of contracts, if a reasonable time is given for the commencement of an action before the bar takes effect, is settled by the united voice of authority. *Terry v. Anderson*, 95 U. S. 628 (24 L. Ed. 365); *Culbreth v. Downing*, 121 N. C. 205 (28 S. E. Rep. 294; 61 Am. St. Rep. 661); *Griffin v. McKenzie*, 50 Am. Dec. 389, and note, in which the decisions are collected; *Merchants' Nat. Bank v. Braithwaite*, 7 N. D. 358 (75 N. W. Rep. 244; 66 Am. St. Rep. 653); *Watts v. Everett*, 47 Iowa, 269; *Cassady v. Grimmelman, supra;* 19 Am. & Eng. Enc. Law, 169.

2. STATUTES OF LIMITATION: amendment.

The obligation of a contract is one thing; the remedy by which it is to be enforced quite another. Statutes of limitation pertain to the remedy, not to the essence, of the contract, and no one has the right to any particular remedy. *Tilton v. Swift*, 40 Iowa, 78. "Statutes may constitutionally be enacted changing the remedy existing when the contract was made, if they preserve the existing remedies in substance and with integrity, and do not destroy or embarrass the remedies existing when the contract was made so as substantially to defeat the rights of the creditor." *County of Kossuth v. Wallace*, 60 Iowa, 508. A statute requiring the prompt enforcement of a right does not deprive the litigant of that right, nor lessen or change the remedy. It is a mere

change of time within which the remedy may be applied, and can amount to no more than a mere inconvenience. The creditor's right remains unimpaired. True, he must reduce his claim to judgment sooner than was formerly required, but when so reduced he can perpetuate it, and the time for collecting the fruits of the judgment is not shortened. The shortening of the time in which action could be brought in no wise, rendered the judgment less valuable, for, notwithstanding the shortening of the statute of limitation, there is no shortening of the life of the liability. If the creditor does not begin his action within the reasonable time allowed, the loss sustained is attributable to his own laches, and not to the change in law. The remedy is in no sense impaired. Its application merely is limited to a specified time within which it is available to all.

As to what is a reasonable time, the books are not in entire harmony. The amendment was approved March 27, 1902, and went into effect July 4th following. If the time

3. LIMITATIONS: between its enactment and when it took effect
commencement
of actions;    is to be included, the period allowed for the
reasonable
time.        commencement of such actions was more than a year and three months. While there is some conflict in the decisions, the great weight of authority is to the effect that such time should be considered. *Osborne v. Lindstrom,* 9 N. D. 1 (81 N. W. Rep. 72; 46 L. R. A. 715; 81 Am. St. Rep. 516); *Smith v. Morrison,* 22 Pick. 430; *Duncan v. Cobb,* 32 Minn. 460 (21 N. W. Rep. 714); *Eaton v. Supervisors,* 40 Wis. 668; *Hedger v. Rennaker,* 3 Metc. (Ky.) 255; *Hart v. Bostwick,* 14 Fla. 180; *State v. Jones,* 21 Md. 432; *Korn v. Browne,* 64 Pa. 55; *Clay v. Iseminger,* 187 Pa. 108 (41 Atl. Rep. 38); *O'Brien v. Gaslin,* 30 Neb. 347 (30 N. W. Rep. 274). See contra *Gilbert v. Ackerman,* 159 N. Y. 118 (53 N. E. Rep. 753; 45 L. R. A. 118). This period cannot be regarded as unreasonable, and we do not understand appellant to so contend, save as to parties residing out of the State. But there is no ground for dis-

crimination in their favor as against residents. The mere matter of distance in this day of telegraphy and fast mails can make no appreciable difference in the prompt enforcement of claims when so required by law.

It is . next urged that, as judgments were doubtless rendered at different intervals between 1873 and 1897, the effect of this amendment was to cut off different periods

4. CONSTITU-  from the time within which actions might have
TIONAL LAW:
uniformity;   been maintained under the rule announced· in
classification;
due process   *Weiser v. McDowell,* and for this reason the
of law.
amendment enacted by the Twenty-Ninth General Assembly is in violation of the provisions of the Constitution requiring that all laws of a general nature shall be uniform, and prohibiting the General Assembly from granting to any citizen or class of citizens privileges or immunities which upon the same terms, shall not equally belong to all citizens. As already pointed out, no change of remedy was effected. All judgment holders of a specified class are required to commence actions, if at all, within a specified time. The law is uniform in that it applies to every one of the defined class, and the only question which can be involved in the contention is whether the classification was reasonable. What is essential to constitute reasonable classification for legislative purposes was considered somewhat at length in *State v. Garbroski,* 111 Iowa, 496. Without reviewing the authorities, we are content to state the conclusion reached in that and several earlier cases that the classification must be based upon apparent natural reason; some reason suggested by necessity, by such difference in the situation and circumstances of the subjects placed in different classes as suggests the necessity or the propriety of different legislation with respect to them. That the judgments to which this amendment applied were segregated from all others appears from the decisions first cited. They were of necessity and' by force of previous legislation a separate and distinct class of judgments, rendered between the taking effect of the Codes

of 1873 and of 1897, to which section 3449 had been held inapplicable. The classification had already been made, and the legislation merely recognized its existence in enacting the amendment. It may be that its effect was to cut off different lengths of time within which actions might be brought on the several judgments, but as a reasonable time was provided within which suits might be commenced on all, no right or remedy was impaired, and for this reason no one is in a situation to complain. What has been said disposes of the suggestion that the amendment operated to deprive a judgment holder of the benefits of due process of law. There is nothing in the point that the Legislature might not make the section 3439 of the Code as amended applicable to the judgments contemplated. See *Ferry v. Campbell,* 110 Iowa, 290; *Blair v. Ostrander,* 109 Iowa, 204.

As we find the act in harmony with the Constitution in any event, it is unnecessary to take up the question whether the judgment sued on was a contract in the sense contemplated by the Constitution. But see *Ferry v. Campbell, supra; Butler v. Rockwell,* 17 L. R. A. 611, and note; *Bettman v. Cowley,* 19 Wash. 207 (53 Pac. Rep. 53; 40 L. R. A. 815); *Morley v. Lake Shore & M. S. R. Co.,* 146 U. S. 162 (13 Sup. Ct. 54, 36 L. Ed. 925).— *Affirmed.*