P. E. HAUGEN, Appellee, v. WILLIAM OLDFORD and ELLEN OLDFORD, Appellants.

**Judgments:** ENFORCEMENT. After·the judgment of a justice has been transcripted to the district court it should be treated as a judgment of the latter court in matters relating to its enforcement.

**Limitation of actions to enforce judgments.** Under chapter 137, Acts of the Twenty-ninth General Assembly, which took effect July 4, 1902, an action to enforce the judgment of a justice rendered in 1880 and transcripted the same day, which was brought within one year from the date such act took effect, was not barred.

· *Appeal from Winneshiek District Court.*— HON. L. E. FELLOWS, Judge.

WEDNESDAY, DECEMBER 13, 1905.

ACTION at law upon a judgment of a justice of the peace, which·had been transcripted to and filed with the clerk of the district court. Defendants demurrer to the petition upon the ground that the action was barred by the statute of limitations was overruled. They thereupon filed an answer, in which, among other things, they pleaded the statute of limitations; and to this division of the answer plaintiff demurred, his demurrer being sustained. The case then went to trial upon an issue tendered by defendants' general denial, resulting in a judgment for plaintiff, and defendants appeal.— *Affirmed.*

*Frank Sayre* and *C. W. Reed,* for appellants.

*E. W. Cutting,* for appellee.

DEEMER, J.— Practically the only question in the case is: Is the action barred by the statute of limitations? The judgment of the justice was rendered April 12, 1880. It was transcripted to and filed with the clerk of the district court on the same day. Execution issued from the district court April 5, 1900, which was returned unsatisfied November 25, 1901. This action was commenced June 29, 1903. By statute it is provided that no action shall be brought upon a justice's judgment within eight years after the same is rendered, nor upon a judgment of any court of record within fifteen years, and the Code of 1897 introduced this as an amendment to the old law, " but the time during which an action, is prohibited upon a judgment . . . shall not be excluded in computing the statutory period of limitation for an action thereon." Code, sec. 3439. Under the title " Limitation of Actions " it is provided, in substance, that actions must be brought upon justices' judgments within 10 years after the causes thereof accrue, and upon judgments of courts of record within 20 years. Code, sec. 3447. Under the same title it is provided that, when the commencement of an action is stayed by statutory prohibition, the time of prohibition shall not be a part of the time limited for the commencement of the action, " except as herein otherwise provided." Code, sec. 3458. The part in quotations was added when the Code of 1897 was adopted.

It is also provided that transcripts of justices' judgments may be filed in the office of the clerk of the district court, and from their entry upon the proper records " shall 1. JUDGMENTS: be treated in all respects and in their enforce-enforcement. ment as judgments obtained in the district court." Code, sec. 4538. From the reading of this last section it is clear that the judgment in this case should be treated as one rendered by the district court; for a suit thereon is manifestly for its enforcement. *McCoy v.*

*Cox,* 54 Iowa, 595; *Stover v. Elliott,* 80 Iowa, 329; *Little v. Levendorf,* 109 Iowa, 47.

Prior to, and even since, the adoption of the Code of 1897, we had uniformly held that, in view of the statutes already referred to and quoted, an action upon a judgment of the district court might be brought at·any time within thirty-five years from\ its rendition. *Weiser v. McDowell,* 93 Iowa, 772; *Cassady v. Grimmelman,* 108 Iowa, 695; *Norris v. Tripp,* 111 Iowa, 115, and other cases. By the amendment to the Code of 1897, the Legislature undertook to remedy this; but, as its act operated instanter, it was held in the Cassady Case, *supra,* that it did not apply to judgments then in existence, which would be barred by the terms of the amendments. Again the Legislature undertook to cure the matter, and at its twenty-ninth session passed an act (Chapter 137, page 103, Acts Twenty-ninth General Assembly) which provided that as to all judgments rendered between the years 1873 and 1897 the amendments hitherto mentioned were to apply in the event actions thereon were not brought within one year. This last act was passed March 27, 1902, and went into effect July 4, 1902. Under this act plaintiff had until July 4, 1903, to bring his action. As his suit was commenced June 29th of that year, it was in time. *Wooster v. Bateman,* 126 Iowa, 552.

2. LIMITATION OF ACTIONS TO ENFORCE JUDGMENTS.

Appellants' main contention is that the judgment, being that of a justice, was barred under the rule announced in the Weiser Case, within eighteen years from the time. it was rendered. But, as we have seen, that proposition is unsound.

Suggestion is made that the trial court was in error in sustaining plaintiffs' demurrer ·to the second division of the answer, on the ground that the ruling on the demurrer to the original petition was *res adjudicata* upon the proposition presented. Concede arguendo the correctness of this position, yet the trial court was right in sustaining it, and

its reasons for so doing are wholly immaterial. Some of the members of this court as now constituted are not content with the rule announced in the Weiser Case; but the Legislature has acted upon our interpretation of the statutes, and has in its last amendment given to parties holding such judgments as this one year from July 4, 1902, within which to bring suit. Of that act plaintiff may advantage himself as he did, and we are not disposed to overrule the Weiser Case at this time. All judgments upon which suits were not brought within the time limited are governed by the Code of 1897, and the probabilities are that this is the last one to be appealed.

Something is said in argument about a failure of plaintiff to prove up his judgment; and to the effect that no jurisdiction in the justice to render the original judgment is shown. Suffice it to say that there is nothing in either of these positions.

The trial court followed our previous decisions, and its judgment seems to be correct. It is therefore *affirmed.*