WILLIAM R. BAUER et al., Plaintiffs, Appellees, v. CLARENCE R. BAUER et al., Defendants, Appellants.

No. 43172.

April 7, 1936.

D. M. Kelleher and R. A. Knudson, for appellants.

Wilson & Harris, for appellees.

Parsons, J.—Frederick Bauer died intestate in Greene county, Iowa, in September, 1929, holding 1,079 acres of land. He left a widow, Esther A. Bauer, and the following sons and daughters surviving him, to wit: Edith B. Stribling, William R. Bauer, Edward C. Bauer, Fred O. Bauer, Clarence R. Bauer, Nora B. Gower, Clara M. Fisher, Ella B. Weant, and Beulah B. Elmore.

The action in this case was to quiet title to all the various

tracts of land comprising the 1,079 acres. Wm. R. Bauer and Frederick O. Bauer were the administrators of the estate of the deceased. Clarence R. Bauer and Hattie Bauer, appellants herein, were parties thereto, making a claim to a part of the land, to wit, the west half of the southwest quarter of section 9, township 85 north, range 30 west of the fifth principal meridian. Edith B. Stribling and J. F. Stribling, husband, were also parties, but filed no pleadings in the case, and have not appealed from the decision.

The court found against the claim of Clarence R. Bauer and wife, Hattie Bauer, and from the decree in the case appeal is taken.

The record discloses that the debts of the estate were such that there was little, if any, equity left in the land for any of the heirs of the deceased, after taking out the widow's one-third, and that the appellant Clarence R. Bauer owed the estate, or the deceased, at the time of his death, over $16,000.

Prior to the beginning of the present action, there had been commenced in the same court an action for partition of the real estate among the heirs of the deceased. This action was No. 10933 equity, and was entitled Edward C. Bauer, Plaintiff, v. Esther A. Bauer et al., Defendants, and all of the 1,079 acres of land owned by the deceased were set out and described in the petition therein, and in that action W. R. Bauer and Fred O. Bauer, as administrators of the estate of the deceased, filed a cross-petition against Edith B. Stribling and husband, J. F. Stribling, and C. R. Bauer and wife, Hattie Bauer.

The defendants herein were served with notice of the cross-petition, and on the 4th day of January, 1933, the case No. 10933 came on for hearing on this cross-petition. The defendants, appellants herein, Clarence R. Bauer and Hattie Bauer, did not appear, and each was defaulted, and in this action title to the real estate was established and confirmed as against all the cross-petition defendants in the defendant Esther A. Bauer, widow of decedent, in a share of the undivided one-third thereof, and in the defendants, to wit: William R. Bauer, Frederick O. Bauer, Nora A. Gower, Clara M. Fisher, Ella B. Weant, Beulah B. Elmore, and the plaintiff, Edward C. Bauer, in the shares of the undivided two twenty-firsts each, subject to existing mortgages thereon and subject to the judgment lien of the intervener, Elmer James, as executor of the estate of Charles

H. James, deceased, upon the undivided share of the plaintiff Edward C. Bauer therein; and costs connected with the cross-petition were assessed to Edith B. Stribling and Clarence R. Bauer. The decree further recited that, after the trial and submission of the cause, on the cross-petition, the plaintiff Edward C. Bauer dismissed his petition without prejudice, and the intervener dismissed his petition of intervention without prejudice to any of his rights upon his judgment against the plaintiffs Edward C. Bauer and Shirley C. Bauer, his wife.

The cross-petition filed in the partition case set forth that Clarence R. Bauer had executed to the decedent a note of $14,000 and had executed a mortgage to secure the note covering the west half of the northwest quarter of section 9, township 85 north, range 30, which land was covered by a prior mortgage for $5,700, and that there was at the time due on the note of Clarence R. Bauer $14,098.34, and that the deceased signed another note with Clarence R. Bauer for $650, which deceased had to pay, on which there would be due on May 23, 1932, $905.11, and that the above-stated indebtedness of said Clarence R. Bauer, irrespective of the mortgage security as a part thereof, is far in excess of the value of the share of Clarence R. Bauer in the real estate left by the deceased and sought to be partitioned in the action; also that Clarence R. Bauer and his wife are insolvent; that the indebtedness of said Clarence R. Bauer is an offset against all his share in the real estate of the estate, and by reason thereof said Clarence R. Bauer has no interest or share in the real estate involved in said action. And set out therein was the prayer of this cross-petition which asked that the title be established and quieted and confirmed in the remaining children and heirs of deceased, F. J. Bauer, named in plaintiff's petition, subject to the rights of Esther A. Bauer, widow of said decedent, in the shares of two twenty-firsts each, as the same may be found and adjudicated by the court.

The questions arising from the decree in the partition case and its effect are: First, did the court have jurisdiction to entertain the matters set forth in the cross-petition and to determine same? Second, if the court did have that right, were the relations between the parties plaintiff in the cross-petition in the partition case such that the decree entered therein would be such an adjudication of the matter that the plaintiffs in this case could take advantage of as putting their rights at rest,—

in other words, a former adjudication? Third, if these two propositions are answered in the affirmative, could the plaintiffs in the case here on appeal, in an action brought by them jointly, have the title quieted to the different pieces of real estate as prayed in the petition herein? That is to say, could the court in this action determine as against the defendants in the present case that the title to the different pieces of real estate was quieted as against the defendants herein?

If these questions are answered in the affirmative, then of course the decision of the court in the instant case, it seems to us, was correct.

Taking these propositions up in their order: The decree on the cross-petition entered in the partition case held that the indebtedness of Clarence R. Bauer to the estate was such that it more than exhausted his interest in the real estate, or in any of the proceeds of the estate, whatever. In the partition case, suit had been brought by one of the heirs of the deceased for the purpose of having this 1,079 acres of land divided and separated into parcels and the ownership of the various parcels of land settled, and the terms on which they were taken could be settled in this case. It is elementary that in a partition case the court has the power to decree a division of the property and the terms thereof. It also has power to settle the equities in the matter between the various parties to the suit, so there would be no question of the court having the power in the partition case to assign the various parcels of land to those to whom it appeared to the court were entitled to receive it, and to fix the terms upon which it should be taken. In order to do this properly, it would be necessary to inquire into the relation of each of the parties to the estate of the deceased and to offset any debts that any party might have against the share allotted to one indebted to the estate. The petition alleged that the indebtedness of Clarence R. Bauer to the estate was such that the value of the land which would be assigned to him in an equal division of the land amongst the heirs would be much less than the debt owing the estate. Here was a debt of over $16,000 owing by Clarence R. Bauer to the estate. The administrators were charged with the duty of collecting those debts. The only way of collecting them, apparently from the record, was out of whatever interest he might have in the real estate, making it a charge against that real estate; but, exceeding, as

it did, by a very large amount more than the value of the two twenty-firsts part of the estate which goes to each heir, the court had the right to provide for that in the decree, and that would be final, would put the matter at rest, would become an adjudication that could be taken advantage of either by the administrators or by any persons succeeding to their interest, or in privity with them. Even if the court committed error in this, having jurisdiction of the matter, the court would have jurisdiction to commit error, and that would not affect the effectiveness of the decree settling the matter for all time between the parties thereto.

In the partition case wherein all the parties are before the court, the court of equity has jurisdiction to adjudicate all matters and the rights of the respective parties. Kramer v. Hofmann, 218 Iowa 1269, 257 N. W. 361; Creger v. Fenimore, 216 Iowa 273, 249 N. W. 147.

In the Kramer case, which involved two actions, one for partition of real estate owned by plaintiffs and certain of the defendants, and the other an action for forcible entry and detainer against certain other defendants, in commenting on the case, the court says on page 1278:

"Nor do we think that the trial court was without the power to offset the defendant Oscar Hofmann's indebtedness to his mother's estate as against his interest in the real estate. The partition suit was an action in equity. We think it appears in the evidence that there was not sufficient personal property in his mother's estate so that Oscar Hofmann's indebtedness to the estate could be paid out of his share therein, and that Oscar Hofmann was insolvent. While the general rule is that the indebtedness of an heir cannot be set off against his interest in real property belonging to the estate, there are exceptions to this rule which are recognized in equity and have been approved by this court. One of these exceptions is where an heir or devisee is insolvent and the share of the insolvent in the personal property of the deceased is insufficient to pay the claim of the estate against such heir or devisee", citing Senneff v. Brackey, 165 Iowa 525, 146 N. W. 24, 1 A. L. R. 978; Woods v. Knotts, 196 Iowa 544, 194 N. W. 953, 30 A. L. R. 768; Schultz v. Locke, 204 Iowa 1127, 216 N. W. 617; Yungclas v. Yungclas, 213 Iowa 413, 239 N. W. 22.

In Yungclas v. Yungclas the court holds that the right exists to have the debts of an insolvent heir to an estate set off against his share in the estate, and is available against the insolvent's share in the real estate, as well as against his share in personal property. The court says on page 415:

"The first question urged on our attention is that the right of set-off or retainer, when it exists, is limited to the personal estate, and is not available against the real estate inherited. This much-mooted question has received our careful attention, and all of the authorities are reviewed in the case of Woods v. Knotts, 196 Iowa 544, 194 N. W. 953, 30 A. L. R. 768, which case has been followed in In re Estate of Mikkelsen, 202 Iowa 842, 211 N. W. 254; Schultz v. Locke, 204 Iowa 1127, 216 N. W. 617; and Lusby v. Wing, 207 Iowa 1287, 224 N. W. 554, where we have committed this court to the doctrine that the right of set-off, when it exists, is available against the real estate as well as the personal property inherited."

In the instant case the defendant Clarence R. Bauer was not only alleged to be insolvent, but was alleged to owe the estate in excess of $16,000, which would be much more than the value of what would have been his interest in the land. And what is said in the Kramer case also disposes of the right of Hattie Bauer to any homestead rights in the matter.

In the case of Creger v. Fenimore the court holds to the same rule. The point was raised that the cross-petitioners could not sue jointly but must sue separately; and that the defendants in the cross-petition were not liable jointly, and the duty of each cross-petitioner was to proceed against each co-obligor separately. The court said on page 276:

"While this may be true in a general way, yet this is an action in equity, and all parties interested are in court and the matters involved grow out of the same subject-matter. Under these circumstances, we think equity has jurisdiction to determine all of these matters, and the rights of the respective parties, and the general rule as to separate actions does not apply. This is a very convenient way of avoiding multiplicity of suits, however, under which circumstances equity always has jurisdiction. The doctrine of contribution between joint defendants is established and recognized in this state as in all other states."

We think these cases, with the authorities cited therein, settle the question as to whether or not the administrators could file a cross-petition in this action, charged as they were with the administration of the estate largely involved, in order to have the rights of all the parties to the suit determined. Clarence R. Bauer and his wife were made parties thereto, we think properly; their rights and their inheritance could be adjudicated in that case, as well as any. And they were adjudicated. And, even if there was error in some of the doings of the court, the court had jurisdiction to commit the error because it had jurisdiction of the subject-matter and jurisdiction of the parties.

Furthermore, the indebtedness to the estate set forth in the cross-petition was the property of the estate, and the administrators were proper parties to bring the action to obtain the proper relief in equity. None of the other parties to the suit could have done so. It was the administrators who had the right to do so. Baird v. Brooks, 65 Iowa 40, 21 N. W. 163.

Woods v. Knotts, 196 Iowa 544, 194 N. W. 953, 30 A. L. R. 768, was an action to set off an indebtedness of an heir against his interest in real estate and to quiet title. There was a decree for plaintiff as prayed; defendants appealed and the case was affirmed. In that case, as in this, it was alleged that the defendant was insolvent. It was not denied. It must have been so found by the court in entering the decree.

There is a question raised by the defense, appellants herein, as to the sufficiency of the original notice of the cross-petition in the partition case. That notice is in the usual form and stated, first, that the cross-petition in the case is now on file in the office of the clerk of the district court of Greene county, Iowa, and alleged that, by reason of the indebtedness of the above-named Edith B. Stribling and Clarence R. Bauer to the estate of the decedent, far in excess of the value of their shares in the real estate, described in the plaintiff's petition herein and described in this proceeding, they and neither of them have any right, title, or interest in said real estate.

As said before, the question involved is as to the sufficiency of this original notice. As all of the real estate of the deceased was involved in the partition action to which the appellant Clarence R. Bauer was a party, we think this description sufficiently advises the defendants in the cross-petition as to the

real estate involved in this action, and as to the grounds upon which the cross-petitioners were asking relief.

■■■ Further objection is made to the decree on the cross-petition in that the court was without jurisdiction, because there was not sufficient notice of the cross-petition served upon Clarence R. Bauer, and because an attempt is made by said decree to quiet, establish, and confirm a title in persons, who were not parties to the cross-petition; and that the district court had no greater jurisdiction upon the cross-petition of the administrators than to adjudicate the existence of a lien upon the share which descended to Clarence R. Bauer at the death of his father; and that the court had no jurisdiction upon such cross-petition brought alone by the administrators to adjudge that title was not vested in the heirs of F. J. Bauer (including the said Clarence R. Bauer) in the respective shares provided in the Iowa statutes for the descent of real property; and that it did not contain sufficient allegations of title in the plaintiffs to meet the requirements of the statutes with respect to actions to quiet title, and it did not describe the real estate.

■■■ Bearing in mind that that original petition in the partition case correctly described the real estate; that all of the parties interested in the real estate were in court upon the original petition; that the cross-petition notified of the relief asked and as to what property relief was asked for, the court then acquired jurisdiction to pass on these questions, and had adjudicated that the notice was sufficient and that the defendants to the cross-petition therein were in court by reason of the service thereof. This went into the judgment, and the judgment cannot be collaterally attacked in this proceeding, for the court had jurisdiction of the persons, and jurisdiction of the subject-matter. And, even though the judgment of the court could have been attacked successfully by an appeal, no appeal was taken, and therefore these questions cannot be raised in the present suit, because that is a collateral attack upon the judgment entered on the cross-petition in the partition case.

It has been held that even if a notice is defective in some particulars, but not wholly defective, the judgment is not subject to collateral attack, and the application must be made in the lower court for correction of the alleged error. If this is denied, an appeal should be taken. Belknap v. Belknap, 154 Iowa 213, 134 N. W. 734; Allen v. First Nat'l Bank, 191 Iowa

492, 180 N. W. 675; Pratt v. Western Stage Co., 27 Iowa 363; Fitzgerald v. Kelso, 71 Iowa 731, 29 N. W. 943; Moore v. Jeffers, 53 Iowa 202, 4 N. W. 1084; Cox v. Davis, 17 Ala. 714, 52 Am. Dec. 199. The latter case was written by a great uncle of the writer hereof, and points out, if the court has jurisdiction, the only method of raising the question is by appeal, and not by collateral attack.

■■■ As to whether or not the plaintiffs in this action were in privity with the administrators of the estate of the deceased arises herein. Black on Judgments (2d Ed.) section 549, says:

"It is well settled that a judgment is conclusive, not only upon those who were actually parties to the litigation, but also upon all persons who are in privity with them. This is not only a doctrine of our own law but also a principle of general jurisprudence, as appears from the rule of the Roman law that 'the plea of res judicata is available against him who has succeeded to the rights of ownership of the person who suffered the judgment.' It is therefore important to ascertain what constitutes privity within the meaning of the decisions on this subject. Now privity is defined to be a 'mutual or successive relationship to the same rights of property.' And the common law writers classify privies as privies in law, in blood, or in estate, sometimes adding, as a fourth class, privies in representation. But for the purposes of a discussion of the doctrine of res judicata, this classification is of no practical importance. For we have to do only with privies in estate. And if a person is bound by a judgment, as a privy to one of the parties, it is because he has succeeded to some right, title, or interest of that party in the subject-matter of the litigation, and not because there is privity of blood, law, or representation between them, although privity of the latter sort may also exist."

It lays down the further rule that "two requisites must exist. In the first place, the person who is to be thus connected with the judgment must be one who claims an interest in the subject affected through or under one of the parties."

In this case the interest of the appellants in any portion of the 1,079 acres of land was adjudicated in the partition proceeding, and the indebtedness to the estate was further adjudicated in the partition proceeding to the extent that this indebtedness far exceeded the share coming to the appellant from the

estate, and that the whole of the land thus came to the widow and to the other heirs of the deceased.

Subsequent to the entry of the decree based on the cross-petition in the partition case, the other heirs of the deceased who were entitled to the property under the terms of that decree deeded the various pieces to one another, as set forth in the petition in the case on trial. So that, if the interest of the appellant herein was cut out by that decree, each became the owner through exactly the same chain of title as each of the plaintiffs in the instant action. The prayer asked that each plaintiff have his title quieted, and that the defendants, appellants herein, be declared to have no right, title, or interest or lien upon the real estate. In the partition case all of these people were made parties, either as plaintiffs or defendants. All defendants were served with notice, and all of the parties interested in the real estate were served with notice of the cross-petition, and the court adjudged that service to be good.

So we think that, under the doctrine of privity set forth in the quotation from Black on Judgments, the action can be maintained in the present form, and that all of the parties were made parties in the partition suit, and that the cross-petition in that suit was filed as against all of the parties, proper services had thereon, and was aimed at fixing the right of the appellants to share in the real estate, and that it was so fixed, and that upon the title as so fixed by that decree the present suit has been brought to quiet title in the various parties owning the different pieces of land now by division amongst themselves.

We think that these proceedings in the partition case, based as they were upon the undertaking to settle between the various heirs and parties as to their rights in the properties of the estate, and that the plaintiffs in this case, claiming that their rights are so fixed that they are in privity to whatever rights were acquired in the decree on the cross-petition, as such, have a right to maintain this action.

■■■ Further, section 10970 of the Code reads as follows:

"Where two or more persons claim a right of recovery against the same party or parties on like causes of action cognizable in equity, they may join as parties plaintiff, and relief may be granted to each according to his interest."

This statute came into effect through an act of the Fortieth

General Assembly, chapter 267, and hence is comparatively recent. A reading of this statute and the record shows that there are two or more persons in this action claiming against the defendant, asking to have their title quieted against him. That right is not only based upon a like case, but upon an identical case. The action is in equity, and is cognizable in equity; hence they may join as parties plaintiff, and relief may be granted to each according to his interest. Each plaintiff claims an interest in a certain tract of land against the defendant. Their rights grow out of their rights as heirs at law of their father. In a partition case those rights were adjudicated, and they were all parties; hence this statute gives them the right to maintain this proceeding.

The conclusions arrived at in this case, we think, are supported by Yungclas v. Yungclas, 213 Iowa 413, 239 N. W. 22; Betz v. Moore-Shenkberg Grocery Co., 197 Iowa 1348, 199 N. W. 254; Weiser v. Ross, 150 Iowa 353, 130 N. W. 387; Perry v. Mills, 76 Iowa 622, 41 N. W. 378; Rodgers v. Reinking, 205 Iowa 1311, 217 N. W. 441; Woods v. Knotts, 196 Iowa 544, 194 N. W. 953, 30 A. L. R. 768.

So we hold in this case that the adjudication on the cross-petition in the partition case inured, not only to the benefit of the administrators as such, but to the benefit or detriment, as the case may be, to each and all of the parties to that suit; that this adjudication is binding upon the defendants, appellants herein, in this action, and that the plaintiffs herein succeeded to whatever rights were acquired by the administrator in such action so far as the real estate is concerned; and the plaintiffs herein became the owners, based upon that right, although also by conveyance from the other interested parties of the various pieces of land, and that the defendants cannot complain that they were all joined in one case, because they were all based upon the same matters. And for the reasons pointed out the decision of the lower court is affirmed.—Affirmed.

DONEGAN, C. J., and ANDERSON, RICHARDS, KINTZINGER, and HAMILTON, JJ., concur.