STAHL v. BROWN, ADM'R, ET AL.

1. **Estates of Decedents**: POWER OF HEIRS TO BIND ADMINISTRATOR. The heirs of an estate have no power, before the appointment of the administrator, to create by agreement a charge on the personal estate, which will be binding upon the administrator when appointed. And so, where the heirs agreed with one having a claim against the estate for supporting the decedent to submit the claim to arbitrators, *held* that the award of the arbitrators could not be enforced against the administrator subsequently appointed, because the personal estate descended to the administrator, and not to the heirs; (*Haynes v. Harris* 33 Iowa, 516, and *Phinney v. Warren*, 52 Id., 333;) and it is immaterial that the personal estate was ample to pay the award after satisfying all other demands against the estate.

*Appeal from Jasper Circuit Court.*

SATURDAY, MARCH 5, 1887.

PLAINTIFF and the defendants, except Alex. Brown, are the children and heirs at law of Martha Wilson, deceased, late of Jasper county. The said Martha Wilson died intestate on the 16th of February, 1884. For some months before her death, she lived with plaintiff and her husband, and after her death they made a claim for compensation for her board, and for their services in nursing and caring for her during her last sickness. On the 9th of April of the same year all of the heirs signed a written instrument, by which they agreed to submit the claim of plaintiff for caring for and maintaining her mother to two arbitrators, one of whom was to be chosen by plaintiff and the other by one of the other heirs. It was stipulated that the arbitrators who should be chosen should pass upon the claim, and fix the amount which should be paid to plaintiff in satisfaction thereof; but that, if they should not be able to agree, they should choose an umpire. It was also stipulated that the award should be final and binding upon the parties, that no appeal should be taken therefrom, and that no judgment should be rendered thereon. Plaintiff's husband also signed

the instrument. The claim filed before the arbitrators was the joint claim of plaintiff and her husband. The arbitrators nominated in the instrument proceeded to hear the evidence offered in support and resistance of the claim, and they signed an award, fixing the amount which should be paid plaintiff at $754.50. On the next day after the award was signed, however, and before it had been delivered to any of the parties, one of the arbitrators erased his name from it, and declared that he would not assent to it. But an umpire was not chosen, nor was anything further done under the submission. The award was signed on the 18th of December, 1884, and on the 19th of the same month plaintiff's husband assigned to her all his interest in the claim, which was filed with the arbitrators. Soon after this, the defendant Alex. Brown, on the application of some of the heirs, was appointed administrator of the estate of Martha Wilson. The plaintiff thereupon brought this action for the enforcement of the award, and she prayed in her petition that the administrator be required to pay the amount of the award out of the assets of the estate. The heirs answered that plaintiff was not the owner, at the time of the submission, of the claim submitted to and passed upon by the arbitrators; also that their signatures to the agreement for the submission of the claim were obtained by the fraud of plaintiff's husband, and that the arbitrator chosen by her had a pecuniary interest in the claim. They also alleged that the award was never completed. The administrator answered that the parties who signed the agreement to arbitrate had no power to bind the estate, and that it was not bound by the award. The circuit court entered judgment, establishing the award as a claim against the estate, and directed the administrator to pay the amount thereof out of the assets. The administrator and heirs appeal.

*Ryan & McElroy* and *Cook & Patterson*, for appellants.

*Stahl Bros.* and *Winslow & Varnum*, for appellee.

REED, J.—The cause was tried in the circuit court as an equity action, and is triable *de novo* in this court. We find it unnecessary to consider the questions which arise under the answer of the heirs; for, in our opinion, the award is not binding either on the administrator or the estate. There is no stipulation in the agreement for the submission of the claim to the arbitrators as to the fund out of which the award should be paid; but the understanding undoubtedly was that it should be paid out of the assets of the estate. There is no claim that the heirs became individually liable for the amount; nor is there any stipulation in the contract that they should pay the amount; and plaintiff does not ask for any relief of that character against them. Her claim, if she has any, is against the estate; and the only assets of the estate, as we understand, is certain personal property. By the arbitration, then, the parties sought to have determined the amount which was due to plaintiff from the estate, and to appropriate an amount of its assets sufficient for the payment of the amount which should be awarded to that object. But the heirs had no power to do that. The estate had not yet been administered upon. But the time within which, under the statute, administration might be granted, had not yet expired. It will be observed, also, that it was not stipulated in the agreement that the estate should not be administered upon, nor that it was entered into for the purpose of avoiding the cost of administration; and we do not determine the question whether the heirs could have precluded administration by an agreement to that effect, for no such question arises in the case. When the agreement was signed, the estate was subject to be administered upon; and while it was in that condition the heirs had no power to make any disposition of the assets. Neither had they the power to bind it by any contract with reference to the establishment or allowance of claims against it. The heirs take no title to or ownership of the personal property of the estate while it is subject to administration; but it descends to the adminis-

trator upon his appointment. *Haynes v. Harris*, 33 Iowa, 516; *Phinney v. Warren*, 52 Id., 333. And the statute provides the manner in which claims against the estate may be established and allowed, which is by allowance by the administrator, or by proof upon a hearing by the court. Code, §§ 2408–2417, inclusive. If the heirs could, in advance of administration, bind the administrator by submitting claims against the estate to arbitration, it would be an easy matter in any case to secure the allowance of doubtful or even fraudulent claims, and the rights and interests of other claimants might by that means be greatly prejudiced. And it can make no difference that in this case the estate is sufficient to pay all claims against it, including the one in question, so that no interests, except those of the heirs, are affected by the proceeding. The question is whether the administrator can be bound by the action of the heirs with reference to the claim prior to his appointment, and we think it entirely clear that he cannot be so bound.

The judgment will be reversed, and the cause remanded, with directions to the circuit court to enter an order dismissing plaintiff's petition; or, if the parties so elect, such judgment will be entered in this court. Reversed.