J. J. RUSSELL v. EMMA ELIZA SMITH et al., Appellants.

**Advancements:** *Purchaser from heir without notice.* Where a decedent has made an advancement to an heir, a purchaser of the heir's share of the decedent's land takes the land subject to the advancement, though he purchases without notice thereof.

*Debt of heir.* A purchaser of an heir's share of the decedent's real estate pending administration does not take the land subject to a debt which the heir owed the deceased, the claim not being a lien on the heir's property until reduced to judgment, and insolvency of the heir not appearing.

**Evidence:** TRANSACTIONS WITH DECEDENTS: *Partition.* In partition of real estate between the heirs of a decedent, other heirs interested in the estate are incompetent to prove that a note held by the deceased against one of the heirs did not represent a debt, but an advancement, under Code, section 4604, providing that no party to an action, nor any party interested in the event thereof, nor any person from, through or under whom any such party or interested person claims, shall be examined concerning any personal transaction with a deceased person.

PAROL EVIDENCE: *Debt and advancement.* In partition of land between heirs, evidence that a note given by one of the heirs to the decedent did not evidence a debt, but an advancement, was incompetent, as tending to contradict the terms of the note.

*Appeal from Louisa District Court.*—HON. W. S. WITHROW, Judge.

SATURDAY, DECEMBER 21, 1901.

SUIT for the partition of certain real estate. From a decree establishing plaintiff's interest as claimed, denying certain advancements claimed to have been made to plaintiff's grantor, and ordering partition, defendants appeal.— *Affirmed.*

*B. F. Van Dyke* for appellants.

*C. A. Carpenter* and *E. B. Tucker* for appellee.

DEEMER, J.—Henry Stahley died intestate November 26, 1898, seised of the land in controversy. He left surviving several children, among whom was George; who inherited one-ninth of the real estate left by the deceased. March 4, 1899, George conveyed to plaintiff, by warranty deed, all his interest in the real estate left by his deceased father. Thereafter plaintiff brought suit in partition, making all the other heirs and their grantees parties defendant. These defendants pleaded that George had no interest in the real estate conveyed to plaintiff; that his father during his lifetime had advanced him more than the value of his interest in the land.

There are but two questions in the case: First, did the deceased make an advancement to his son George, as claimed? And, second, if he did, does plaintiff take the land subject thereto? The evidence shows that at the time of the death of the senior Stahley he held notes against his son George amounting to something over $4,700. To prove that these did not represent a debt, but should be treated as an advancement, defendants offered the testimony of two of the other heirs of the estate. This evidence was clearly incompetent, under section 4604 of the Code, and for the further reason that it tended to contradict the terms of the note. *Gerth v. Engler,* 71 Iowa, 616; *Mason v. Mason,* 72 Iowa, 457.

If the evidence established an advancement to the son, then plaintiff would take the land subject thereto, although he had no notice thereof before purchasing. But, as there was no advancement, the question remains, does a purchaser of real estate from an heir pending administration on the estate of the deceased take it subject to the debts of that heir? Herrick & Doxee, Probate Law (2d Ed.) pp. 387-388, seems to hold that he does. But we do not regard this statement as correct. True, we have held that a purchaser takes subject to an advancement to an heir, whether with or without notice. *Finch v. Garrett,* 102 Iowa, 386; *Pinckney v. Pinckney,*

114 Iowa, 441. But we have never held that he takes subject to a debt. Indeed, the contrary seems to be the rule in this state. *Rider v. Clark,* 54 Iowa, 292. This doctrine is also supported by the weight of authority, as well as of sound reason. *La Foy v. La Foy,* 43 N. J. Eq. 206 (10 Atl. Rep. 266, 3 Am. St. Rep. 302); *Sartor v. Beaty,* 25 S. C. 293; *Procter v. Newhall,* 17 Mass. 81; *Mann v. Mann,* 12 Heisk. 245; *Scobee v. Bridges,* 87 Ky. 427, (9 S. W. Rep. 299); *Steele v. Frierson,* 85 Tenn. 430 (3 S. W. Rep. 649). That there are authorities to the contrary is conceded, but they fail to note the manifest distinction between a debt and an advancement. See *Oxsheer v. Nave,* 90 Tex. 568 (40 S. W. Rep. 7, 37 L. R. A. 98), and cases cited. There may be cases where, on account of the insolvency of the debtor, or for some other cause, equity will interfere for the protection of the estate, but this is not one of them. There is no showing that George Stahley is insolvent, and no reason for not applying the general rules of law hitherto stated. The administrator holds a claim against Stahley, which it is his duty to enforce. This claim is not a lien on Stahley's property until reduced to judgment. To administer on the estate of a deceased in a partition proceeding, and to adjust claims in behalf of and against the estate, would be novel, to say the least.

Under the authority of the *Rider Case,* we are constrained to hold that the debt of George Stahley cannot be deducted from the share of the estate of his deceased father, and that the decree should be, and it is, AFFIRMED.