BELLE COOLEY, ANN WALLACE, MARGARET WALLACE, W. L. HAMILTON and WM. KELLEY, Appellants, v. HORACE MAINE, ALICE MAINE, WM. ANDERSON, W. A. VAN CAMP, DARROW INVESTMENT Co., and AMELIA SMEIDING, Appellees.

Pleadings: DEMURRER: SUFFICIENCY. A demurrer which is sufficiently specific to call the court's attention, without argument, to the particular matter at which it is directed is all that is required. Thus in equitable actions the statement in the language of the statute, that the facts stated in the petition do not entitle plaintiff to the relief demanded, or that the petition shows upon its face that the cause of action therein set out is barred by the statute of limitations was sufficiently specific.

Real Property: DESCENT AND DISTRIBUTION. Upon the death of an ancestor his real estate descends at once to his heirs, in the absence of a will.

Same: LIMITATION OF ACTION. An action to set aside a will and confirm the title to real property of the estate in the heirs is barred in ten years from the death of the testator.

Same: COMMENCEMENT OF ACTIONS: EVIDENCE: LIMITATIONS. The commencement of an action by delivery of a notice to the sheriff can only be determined from the record in the case, as affecting the statute of limitations; and where there was no showing of the issuance and delivery of a notice to the sheriff, and it appeared that the petition in the action to set aside a will and to confirm title to the real property in plaintiffs was filed more than ten years after the death of testator, the action was barred.

*Appeal from Adams District Court.*—Hon. H. K. Evans, Judge.

THURSDAY, OCTOBER 23, 1913.

ACTION to set aside the probate of a will, and to confirm the title in the plaintiffs, as heirs at law of the testator, on the ground that the will was void in so far as it bequeathed to certain corporations an amount in excess of the statutory limitation, and to quiet the title in the plaintiffs. Demurrer to the petition on the ground that the plaintiffs' action was barred by the statute of limitations. Plaintiffs appeal. Judgment—*Affirmed.*

*W. S. Hefling,* for appellants.

*A. Ray Maxwell, Meyerhoff & Gibson* and *Hager & Parrish,* for appellees.

GAYNOR, J.—On the 5th day of October, 1911, the plaintiffs filed their petition in the district court of Adams county, claiming: That they are heirs at law of one Margaret Ritchey, who died on or about September 12, 1901, seised of certain real estate situated in Adams and Montgomery counties, worth approximately $28,000. That deceased left a will which was duly probated in the district court of Montgomery county, in May, 1902. That the said Margaret Ritchey died, leaving neither child nor parents. That the husband of the said Margaret Ritchey, James Milton Ritchey, survived her; that by the terms of the will of Margaret Ritchey she bequeathed an excess of 25 per cent. of her property to certain corporations organized, not for pecuniary profit, to-wit, United Presbyterian College, located at Monmouth, Warren county, Ill., the Presbyterian Church of Villisca, Montgomery county, Iowa, and the city of Villisca in the same county, the last as trustee for the use and benefit of the cemetery located near Villisca.

That the defendants Horace Maine and Alice Maine hold the record title to land situated in Adams county, described as follows: E. $\frac{1}{2}$ of the N. W. $\frac{1}{4}$ and the S. W. $\frac{1}{4}$ of the N. E. $\frac{1}{4}$, and the E. $\frac{1}{2}$ of the S. W. $\frac{1}{4}$ and the W. $\frac{1}{2}$ of the S. E. $\frac{1}{4}$ in section 19—71—34.  Also the S. $\frac{1}{4}$ of the S. $\frac{1}{2}$ of the N. E. $\frac{1}{4}$ of the S. E. $\frac{1}{4}$ in section 17.  That the defendant Wm. Anderson claims to own lots 21 and 539 in the city of Villisca, and the defendant W. A. Camp claims to own lot 97 in the same city.  That the other defendants claim some interest in the land as mortgagees.  That the defendants Horace and Alice Maine claim to have received their title from James Milton Ritchey.  That the defendants have possession and have held possession of the property aforesaid for at least eight years, and thereto adverse to the plaintiffs.  Therefore the plaintiffs pray that the will of the said Margaret Ritchey be declared void, and that all proceedings under the same be held null and void, and they further pray that their claims as heirs at law be established against the adverse claims of those defendants, and that they be decreed to be the owners of 75 per cent. of two-thirds of the entire estate.  To the plaintiffs' petition was attached a copy of the will of Margaret Ritchey. To the petition aforesaid, the defendants, on the 20th day of October, 1911, filed their demurrer, stating: First, that the facts stated in the petition do not entitle the plaintiffs, or any of them, to the relief demanded, or to any relief; second, that the petition shows, upon its face, that the cause of action therein set out is barred by the statute of limitations.  There were other grounds stated in the demurrer, which we need not consider.  The demurrer, being sustained by the court, the plaintiffs elected to stand upon the petition, and judgment was entered against them for costs, and from this ruling and judgment, the plaintiffs appeal to this court.

The only assignment of error is on the sustaining of the demurrer.

Plaintiffs' first complaint is that the demurrer was not specific enough, and should therefore have been overruled.

This complaint is not well taken, for the reason that the statute
provides that in all equitable actions a de-

1. PLEADINGS:
demurrer: suf-
ficiency.

murrer to the petition on the fifth ground
may be stated in the terms of the statute.  The
fifth ground of demurrer provided in the statute is that the
facts stated in the petition do not entitle the plaintiffs to the
relief demanded.  But, conceding for the sake of argument,
that this was not specific enough to apprise the court of the
defendants' claim "that the cause of action was barred by
the statute of limitations," yet we are satisfed that the second
ground of demurrer clearly called the court's attention to this
objection, and was specific enough for that purpose.  Indeed,
the ground stated could not have been more specific had it
stated "that the plaintiffs' cause of action is barred by the
statute of limitations, for that more than ten years have
elapsed since the death of the said Margaret Ritchey."  These
facts were shown upon the face of the petition, and the court's
attention was directly challenged thereto.  A demurrer is not
required to be more specific than is sufficient to call the court's
attention, without argument, to the particular matter at which
the demurrer is aimed.

The next question raised is, Did the court err in holding
that plaintiffs' cause of action was barred by the statute of
limitations?  The plaintiffs claim the right to prosecute this
action as the heirs at law of Margaret Ritchey, and every right
which they have in the property in controversy grows out of
and rests upon that claim.  The demurrer admits this fact,
and that Margaret Ritchey at the time of her death owned the
property involved herein.  Whatever right the plaintiffs had in
the property in controversy accrued to them immediately upon
the death of Margaret Ritchey, and they then became entitled
to all the rights they now claim, together with the right to the
possession of the property, and its rents and profits, subject
only to the right of the administrator to take the same by legal
proceedings, if necessary, for the payment of debts.  Subject
to this, they could alienate the property and exercise all the
rights of owners.

It has been held in many cases and is the law of this state, that on the death of the ancestor, his real estate descends at once to his heirs. In support of this, if it needs any sup-

2. REAL PROP- port, see: *Kinsell v. Billings,* 35 Iowa, 156;
ERTY: descent *Toerring v. Lamp,* 77 Iowa, 488; *Ferry v.*
and distribu-
tion.          *Campbell,* 110 Iowa, 290; *Herriott v. Pot-*
*ter,* 115 Iowa, 650.

It appears from the statement of the petition that Margaret Ritchey died on the 12th day of September, 1901; that the petition in this case was filed October 5, 1911, more

3. SAME: limita- than ten years after the death of Margaret
tion of actions. Ritchey. The record discloses that the de-
fendants appeared on the 20th day of October, 1911, and filed the demurrer. The record does not disclose the service of notice upon the defendants. The presumption, therefore, is that the appearance of the defendants was voluntary, and that they appeared after the action was barred. The filing of the petition was after the action was barred, and the appearance of the defendants was after the filing of the petition.

The plaintiff contends in argument that he delivered the notice to the sheriff, with directions to have it served at once,

before the expiration of the ten years, as pro-
4. SAME: com- vided in section 3450 of the Code, but the
mencement of
actions: evi- record does not so show, and we must look to
dence: limita-
tions.          the record, and not to the argument, for the
facts upon which the rights of the parties rest.

In *Dolan v. Ry. Co.,* 129 Iowa, 626, which was an action for damages for personal injury, the defendant pleaded the statute of limitations. The accident was alleged to have occurred April 19, 1902. To avoid the plea of the statute of limitation, the action must have been begun within two years after that date. In that opinion the court says:

The abstract shows the petition to have been filed March 10, 1904, which was in due time, if proper notice was served within the period. But the record nowhere shows whether an original notice was ever served or any return of service ever

made. The answer of the defendant was filed September 6, 1904, several months after the expiration of two years from the date of the injury; and, so far as the record before us discloses, this was its first appearance in the case, and it is not shown to have been otherwise than voluntary. . . . In the absence of anything in the record presented to us concerning the issuance of service of an original notice by which the running of the statute would be interrupted, and there being nothing to indicate any appearance by the defendant prior to September 6, 1904, we must regard that date as the time of the commencement of the action, and that the ruling of the court in directing a verdict for the defendant is therefore correct.

Section 3514 of the Code of 1897 provides: "Action in a court of record shall be commenced by serving the defendant with a notice," as provided therein.

Section 3450 provides: "The delivery of the original notice to the sheriff of the proper county, with intent that it be served immediately, which intent shall be presumed unless the contrary appears, or the actual service of that notice by another person, is a commencement of the action."

It nowhere appears in the record here that any notice was ever issued, that any notice was ever placed in the hands of the sheriff for service, or that any service of original notice was ever made. It appears from the record before us that all the rights that the plaintiffs ever had in the property now in controversy accrued to them on the 12th day of September, 1901. That is, upon the death of the said Margaret Ritchey, that whatever right they now have to the possession of said property accrued to them as fully then as at any subsequent period, and that this action was not commenced until more than ten years after the right of action had accrued. Plaintiff in his argument says: "This action is for the recovery of an interest in real estate and is not barred until the expiration of ten years from the time the cause of action had accrued," but contends that the right of action did not accrue until five years had expired in which original administration might be

granted, and relies on *Stahl v. Brown, Adm'r*, 72 Iowa, 720; *Phinny v. Warren*, 52 Iowa, 332; *Murphy v. Murphy*, 80 Iowa, 740. An examination of these cases will show that they all relate to personal property, the title to which vests in the administrator, and not in the heirs, and the rights to the property become vested in the heirs only upon distribution. These cases have no bearing upon the question now under consideration. The record, therefore, discloses that plaintiff's cause of action accrued more than ten years before this action was commenced, and was therefore barred by the statute of limitations, and the demurrer was rightfully sustained.

There are other matters argued; but, as this question is decisive of plaintiff's right to recover, we do not deem it necessary to discuss them. The case is therefore *Affirmed.*

WEAVER, C. J., and WITHROW and DEEMER, JJ., concur.