MARTIN J. SCHULTZ, Appellee, v. HATTIE SCHULTZ LOCKE et al.,
Appellees; FARMERS STATE BANK OF SCHLESWIG, Appellant.

**WILLS:** **Liability of Devisee—Right to Offset Debt of Devisee.** The
amount which an *insolvent* testamentary devisee is owing to a solvent
estate may, in partition proceedings, be offset against his interest in
the real estate of testator, and such right is superior to the right of
a judgment creditor who obtained his judgment against the devisee
subsequent to the death of the testator. (See Book of Anno., Vol. I,
Sec. 11979, Anno. 3 *et seq.*)

Headnote 1:   18 C. J. p. 883.

Headnote 1:   1 A. L. R. 991; 30 A. L. R. 775.

*Appeal from Crawford District Court.—*J. A. HENDERSON,
Judge.

DECEMBER 13, 1927.

Action for partition of lands devised to children of testator.
One of said devisees owed the estate. He was also indebted to
a bank. The contest is between the executor and the bank.
The court established the claim of the executor as a lien upon
the share of said devisee, and the bank appeals. No question is
raised as to the procedure or the form of the action.—*Affirmed.*

*Sims & Page,* for appellant.

*L. W. Powers,* for appellees.

FAVILLE, J.—Herman Schultz owned 280 acres of land. It
was incumbered by a mortgage of $24,000. In March, 1920, he
rented said farm to his son George for a term of five years. He
also at said time sold George all the personal property on the
farm, and took the note of George for $11,000, secured by a
chattel mortgage on said personal property.

·Herman died in October, 1920, leaving a will, by the terms
of which he devised said real estate in equal shares to his twelve
children, including George. The will has been duly admitted
to probate. The estate is open. As we understand the record,
all the personal property owned by George was sold after the

testator's death, and the proceeds applied upon his indebtedness to the estate, leaving a balance due from George on said debt of $4,157.52.

At the time of the testator's death, George was owing the appellant bank approximately $5,000. This claim was later, in April, 1921, reduced to judgment.

Herman left no personal estate except the note and chattel mortgage against George. At the time of the bringing of this suit, George was insolvent. He was adjudged to be a bankrupt in 1925, and his trustee in bankruptcy is a party to this action. It is not necessary to sell the real estate to pay debts owed by the testator.

Under this state of facts, the question is whether the share of the devisee George in the real estate of the testator is subject to retainer of the amount of his indebtedness to the estate, superior to the lien of appellant's judgment. It is to be noted that the right of retainer or offset in distribution of the personal assets of the estate is not involved here.

Some form of the question involved herein has been before this court in *Rider v. Clark*, 54 Iowa 292; *McCormick v. Hanks*, 105 Iowa 639; *Russell v. Smith*, 115 Iowa 261; and *Senneff v. Brackey*, 165 Iowa 525. Each of these cases was considered and reviewed in *Woods v. Knotts*, 196 Iowa 544. It is unnecessary to repeat the discussion at length. We have recognized the general rule that real estate passes to the devisee direct from the testator, and not through the executor, and that title vests in the devisee immediately upon the death of the testator, and that, as a general rule, there is no right of retainer or offset for a debt of the devisee's to the estate, as against a devise of real estate. In the *Brackey* case we said:

"In the *Russell* case, supra, it was said, however: 'There may be cases where, on account of the insolvency of the debtor, or some other cause, equity will interfere for the protection of the estate.' This was perhaps dictum, and yet it was announced for the purpose of saving an exception to the general rule, if any such exception exists. As a matter of fact, many courts, and doubtless a majority, numerically, recognize and enforce the exception."

In that case we had two peculiar circumstances: (1) The debt arose after the death of the testator, and resulted from a

conversion by the devisee of personal property belonging to the estate; and (2) the devisee was insolvent. We said:

"* * * this opinion is not to be taken as a precedent for more than is actually decided. The general rules are as appellant's counsel claim them; but, in view of the peculiar facts shown by this record, the equities are so strongly with the representative of the estate that we are constrained to follow the authorities above cited, which introduce exceptions to the general rules, thus meting out full justice to all of the parties."

In *Woods v. Knotts,* supra, the estate of an intestate was involved. There was no personal estate. An heir was indebted to the estate. It was sought to offset said indebtedness against his interest as an heir in the real estate of the decedent. There were two peculiar facts in that case: (1) The heir was insolvent; and (2) the indebtedness was barred by the statute of limitations. We said:

"It thus appears that the exception created by the *Brackey* case arises in equity, which treats the indebtedness of distributees to the estate as assets thereof, and is based upon their insolvency. The justice of the rule is apparent. It prevents the unfair advantage which must otherwise accrue to an impecunious distributee whose indebtedness to the estate could not be otherwise collected, and places the insolvent and solvent heir upon the same basis. We have already called attention to the decisions of this court in which the right to offset claims in favor of the estate against the share of a distributee in real property is denied. As pointed out in the *Brackey* case, the courts are divided upon this question; but it must be confessed that the reasons assigned by those denying such right are not very persuasive. We need not, however, at this time, discuss this question. The personal property of the deceased in the case at bar was wholly insufficient to pay the claims against appellant, and it must be offset against his share of the real property or be lost to the estate. The exception noted meets this exact situation. Appellant is, and has long been, insolvent. The indebtedness to his mother arose out of the payment by her of notes which she had signed with him at different times, as surety. The only particular distinction between the facts in the *Brackey* case and the case at bar is that, in the former, Brackey was a devisee, and held property in trust for the benefit of the estate; and in

this case, the distributee is a mere debtor. In equity, the claim against a distributee is treated as an asset of the estate, and in the distribution thereof, the effect is the same, whether money or property is withheld by a devisee, or the indebtedness of a distributee is not paid."

In the instant case, the question of an advancement to the devisee is not involved, and the debt cannot be treated as such. Neither is the right of retainer to be denied, under the facts of this case, by reason of the fact that no mention was made of the indebtedness of the devisee in the will of the testator. The indebtedness had been created but shortly before the will was made, and only a few months before testator's death. The debt was well secured. It could not fairly have been anticipated by the testator that the debt would not be fully paid without any resort to the share of the devisee in the real estate of testator, and hence the failure to mention the debt in the will, under all the facts, is not controlling or vitally significant.

The devisee is, however, insolvent, and the estate of decedent is unsettled. We think that insolvency of the devisee, where the estate is open and there is no personal estate for distribution, is a recognized exception to the general rule, and one which, under our prior cases, we are disposed to follow.

The case is pending in a court of equity, with all the parties in interest before it, and with issues calling for a determination of the rights of all parties. We have previously indicated our disposition to recognize an exception to the general rule in cases where the devisee was insolvent and was owing the estate, and to allow retainer against the share of the devisee in the real estate of decedent. We now definitely align ourselves with the authorities so holding; and allow the retainer in the instant case.

There is an extensive and valuable note on the interesting question involved in this case in the report of *Senneff v. Brackey,* in 1 A. L. R. 978, and in a like note to *Woods v. Knotts,* in 30 A. L. R. 768. We hold that, under the facts of this case, the right of the executor to retainer or offset of the amount of the insolvent devisee's share in the real estate of the testator was superior to appellant's lien on said share.

The decree of the trial court is—*Affirmed.*

EVANS, C. J., and STEVENS, KINDIG, and WAGNER, JJ., concur.