IN RE ESTATE OF JOSEPH RUESCHENBERG.

LENA LOEHR et al., Appellants, v. ROBERT RUESCHENBERG, Executor, Appellee.

No. 41099.

DECEMBER 16, 1931.

Byers & Hines, for appellants.

White & White, for appellee.

WAGNER, J.—Joseph Rueschenberg died testate December 22, 1928. By the terms of his will he devised certain real estate and the household goods and kitchen furniture to one of his daughters. The will then provides:

"Fifth. I give and bequeath to my four sons, Frank, Robert, Joseph Junior and Ernest, the sum of One Thousand Dollars ($1000) each. Such bequest to be in addition to their share received from my estate.

"And lastly I give, bequeath and devise all the rest of my residue of the property remaining of every kind and character to my children to be distributed equally share and share alike.

"And I hereby nominate my son Frank Rueschenberg to be Executor of this my last will and testament, and I request that my said Executor shall not be required to furnish bond or security for the faithful performance of his duty."

This will was executed on the 28th day of May, 1921. His son Frank died February 4, 1924. On April 23, 1925, the testator executed a codicil, or what he denominates "Annex to My Last Will and Testament." All that is contained in this codicil is the following:

"Owing to the death of my son Frank J. Rueschenberg named by me as administrator in my will; I hereby appoint my son Robert F. Rueschenberg as administrator in his place."

The will and codicil were duly admitted to probate, and the son Robert F. Rueschenberg duly qualified as executor. The testator left no surviving spouse, and had nine children named or designated in his will. In the final report of said officer, he alleges that the son Frank J. Rueschenberg died prior to the death of the testator, leaving as his sole heirs his children, Lena Loehr, Leo Rueschenberg, Lenora Rueschenberg, Lawrence Rueschenberg, Elizabeth Rueschenberg and Alvin Rueschenberg, all of whom are of full age. He further alleges therein that, on or about the 29 day of April, 1921, the son Frank J. Rueschenberg executed and delivered to his father his promissory note in the principal sum of $7,453.00, which has not been paid, and that for said reason there is nothing due under the will of the testator to the heirs of the son Frank. The final report shows that, after the payment of debts, the executor has for distribution, under the will, a sum in excess of $5000.00. The executor prays in his final report that it be decreed that the children and heirs at law of the son Frank J. Rueschenberg have no interest in the funds now in his hands as executor of said estate. The aforesaid children and heirs at law of the son Frank J. Ruesch-

enberg filed objections to said final report, in which they ask that they be found entitled to the $1000.00 bequest under the will, and that the same be ordered paid to them. The court overruled the objections to the final report, holding that the executor has the right to apply the bequests in the name of Frank J. Rueschenberg upon the indebtedness owing by him to his father's estate.

The indebtedness owing by the son Frank to his father upon the note executed April 29, 1921, in the principal sum of $7,453.00, is unquestioned. This note was filed as a claim by the father against the son's estate, but was unpaid, apparently the son's estate being insolvent.

Section 11861, Code, 1927, provides:

"If a devisee die before the testator, his heirs shall inherit the property devised to him, unless from the terms of the will a contrary intent is manifest."

The word "devisee" in said section is construed to embrace a "legatee." See Section 11860, Code, 1927. It is thus apparent that any property to which the predeceased son would have been entitled under the will, had he survived his father, will pass to and become the property of the son's heirs, who are the objectors in this case. It is also true that what, if anything, the son's heirs will take by reason of the aforesaid statute, they will take as coming directly from the testator, and not through the estate of their father, the son of the testator. See In re Hulett's Estate, 121 Iowa 423; In re Estate of Mikkelsen, 202 Iowa 842. Had the son Frank survived his father, the executor would have had the right to apply bequests made by the testator to the son upon the indebtedness owing by the son to the father's estate. See Garrett v. Pierson, 29 Iowa 304; In re Estate of Mikkelsen, 202 Iowa 842. The question for our determination is, Has the executor the right to apply the bequest made by the father in favor of the son upon the son's indebtedness to the estate of his father, or are the heirs of the son entitled to the bequest without regard to the indebtedness owing by the son to the father's estate? This identical question was determined by us in In re Estate of Mikkelsen, 202 Iowa 842, and our pronouncement in said case is decisive and controlling as applied to the facts in the instant case. In said case, we

recognized a conflict in the authorities, but held that the rights of the heirs of the predeceased son are not greater than would have been the rights of the son in the event that he had survived his father. We there quoted from the case of Executors of Denise v. Denise, 37 N. J. Eq. 163, 167, the following:

" 'The law of the land constitutes a part of every will, and the rights of every legatee must be defined, measured, and enforced by its rules. The law says a legatee indebted to his testator must pay his debt, or his legacy may be applied in discharge of his debt. That being the standard by which the rights of a legatee thus situated must be measured, I cannot regard it as true, either in fact or in logic, that he takes his legacy free from his debt;. on the contrary, I think the fact is that his legacy is so absolutely subject to the payment of his debt that, if his debt happens to exceed his legacy, he cannot collect a penny of his legacy. * * * It (the statute) meant simply to put them (the grandchildren) in the place of their parent, in such a contingency, and to give them a right to take what their parent would have taken, if he had survived the testator. But it is quite manifest, I think, that it was not intended to raise grandchildren to a plane higher than that which their parent could ever have occupied, or to give them rights, as against the other beneficiaries under the will, which the person in whose place they are substituted never would have been permitted to assert. The statute-made legatee is a mere substitute; he is thrust, by force of the statute, in the place made vacant by the death of the legatee named in the will, and is given what, but for his death, would have gone to the primary legatee. He takes the primary legatee's place, as a beneficiary under the will, and should, according to the ordinary rule prevailing in like cases, bear his burdens, and be subject to the equities which would have existed against him.' "

We also there quote from Baker v. Carpenter, 69 Ohio St. 15, 68 N. E. 577, 579, the following:

" 'But certainly we think it was not the purpose, and could never have been the intention, of the legislature by the enactment of this statute to secure to the grandchildren of the testator greater rights and privileges than their parent—the primary legatee—could have had; nor may we reasonably assume that

it was the intention of the legislature to give to such grandchildren rights against other beneficiaries under the will which the person in whose place they stand, and for whom they are substituted, never would himself have been permitted to assert.' ''

We also said in the Mikkelsen case:

''The statute (Section 11861, Code, 1927) is that the devisee's 'heirs shall inherit the property devised to him.' We think it would be unduly extending this statute to say that the heirs of the devisee should inherit more than was devised to him, should he die first, as would be the result of sustaining the judgment below.''

It thus becomes apparent that the heirs of the predeceased son stand in no better position than would the son, had he survived his father, and that they can now take only what their father could have taken, had he survived the testator. And since the bequests by the testator to the son could be applied upon the debts of the son to the testator, which indebtedness is far in excess of the amount of the bequests, the heirs of the predeceased son are entitled to nothing out of the estate. The judgment of the trial court is correct, and the same is hereby affirmed.—Affirmed.

FAVILLE, C. J., and STEVENS, DE GRAFF, and ALBERT, JJ., concur.