IN RE ESTATE OF JOHN MORGAN.

MARY SHOMBERG, Appellant, v. LARRY COLTON, Executor, Appellee.

No. 44501.

JANUARY 10, 1939.

W. R. Hart and Baldrige & Bailey, for appellant.

S. W. Livingston, for appellee.

STIGER, J.—On November 27, 1935, Mary Shomberg, appellant, filed her petition in bankruptcy. She was indebted to John Morgan, the testator, on a promissory note in the sum of $3,000. In her schedules, she named John Morgan as one of her creditors and listed the debt. Morgan died December 19, 1935, leaving a last will and testament, directing the executor to sell and convert into money all of his real and personal property and bequeathing to appellant an undivided two eighteenths of the proceeds. In February 1938, plaintiff received her discharge in the bankruptcy proceedings. It is conceded the amount of plaintiff's legacy exceeds the amount of her indebtedness to the estate.

The sole question here is whether the executor has, under the above circumstances, the right to retain from her legacy the unpaid balance of appellant's indebtedness to the estate.

The general rule is that the amount of the indebtedness of a distributee to an estate may be retained or set off against his share in the personal property. In this state, the rule applies whether the legatee is solvent or insolvent. Senneff v. Brackey, 165 Iowa 525, 146 N. W. 24, 1 A. L. R. 978; Johnson v. Smith, 210 Iowa 591, 231 N. W. 470; Woods v. Knotts, 196 Iowa 544, 194 N. W. 953, 30 A. L. R. 768; Yungclas v. Yungclas, 213 Iowa 413, 239 N. W. 22; 1 A. L. R. 1013, Annotation; 75 A. L. R. 882, note.

In the case of Webb v. Fuller, 85 Me. 443, 27 A. 346, 22 L. R. A. 177, it is stated:

"The right of an executor or administrator to retain a legacy or distributive share from a debtor to the estate, and apply it to the indebtedness, has long been recognized by the law as existing without any statute. It is not the technical right of set-off in actions at law. It is rather called in the old cases the 'right of retainer.' It is an equitable right of its own nature, and not at all dependent upon any statute."

Where the distributee is insolvent and owing the estate and there is no personal estate for distribution, a retainer or off set against his share in the real estate of decedent is allowed. Woods v. Knotts, 196 Iowa 544, 194 N. W. 953, 30 A. L. R. 768; Schultz v. Locke, 204 Iowa 1127, 216 N. W. 617.

Though a discharge in bankruptcy puts an end to the remedy on the debt barred by the proceedings and affords the bankrupt a complete defense to an action on the debt, the debt

is not extinguished. After a discharge in bankruptcy the debt of a distributee remains an asset of the estate and the discharge does not affect the right of retainer or off set. Harding v. Quinlan, 209 Iowa 1190, 229 N. W. 672; In re Estate of Fussell, 129 Iowa 498, 105 N. W. 503; 1 A. L. R. 1010; 30 A. L. R. 781; Wilson v. Kelly, 16 S. C. 216.

In Wilson v. Kelly, 16 S. C. 216, cited in the Fussell case, supra, the court said:

"The appellant [heir] still owes the debt to his father's estate, although the right to enforce its payment by an action has been destroyed by the discharge in bankruptcy. This being the case, the result is that the debt thus due by the appellant constitutes a part of the assets of the estate which is now in the hands of the appellant; and, if this be so, then nothing would seem to be plainer or more strictly in accordance with equitable principles than that the appellant should account for these assets before he can be entitled to receive anything out of the other assets of the estate."

We find no merit in appellant's assignment that the judgment appealed from is erroneous "because it conflicts with the Federal Constitution and federal laws relating to bankruptcy".

The judgment appealed from is affirmed.—Affirmed.

MITCHELL, C. J., and MILLER, BLISS, HALE, OLIVER, RICHARDS, and SAGER, JJ., concur.