MARION S. WILSON, Plaintiff, Appellee v. JEHU WILSON et al., Defendants, Appellees, CLEMENT GODBY, Administrator, Cross-Petitioner, Defendant, Appellant.

No. 44397.

FEBRUARY 7, 1939.

Percival & Wilkinson, for appellant.

Harry Wifvat, for Ray Harrison and Ross Harrison, appellees.

Allen T. Percy and John G. Regan, for other appellees.

MITCHELL, C. J.—James Wilson died intestate, seized in fee simple of certain real estate. A partition action was commenced by Marion S. Wilson, and all of the heirs and the administrator of the estate of James Wilson were made defendants. It was alleged that the parties had certain undivided interests, and asked that same be confirmed and established. There was default on the part of the heirs and the administrator of the estate, and decree was entered as prayed, establishing ownership of the land in the heirs.

After the decree was entered the administrator of the estate filed a cross-petition against the defendants Ray Harrison and Ross Harrison, on two certain promissory notes which they owed the estate. Both of these defendants were made defendants in the original petition. In the cross-petition it was alleged that their share of the personal property of the estate is insufficient to satisfy their indebtedness. To the cross-petition Ray Harrison and Ross Harrison filed answer, in which they set up a general denial; that the cross-petitioner was a party defendant in the original action; that the rights and interests of all parties were adjudicated by the decree in which it was decreed that the administrator of the estate of James Wilson had no right, title or interest in the real estate.

There was a trial, at which evidence was offered, and the lower court entered a decree, dismissing the cross-petition of the administrator of the estate of James Wilson, deceased. The administrator has appealed.

It is conceded that Ray Harrison and Ross Harrison are jointly indebted to the estate on two promissory notes in the amount of $2,054, and interest; that their interest in the personal property is not sufficient to pay this indebtedness.

The appellant here seeks to set off the indebtedness which is owing by these two heirs against the amount of money to which they are entitled under the decree in the partition action from the sale of the real estate described therein. The question is, "Can the indebtedness of an heir be set off against his interest

in real property belonging to the decedent at the time of his death?''

In the case of Woods v. Knotts, reported in 196 Iowa 544, 194 N. W. 953, 30 A. L. R. 768, Justice Stevens, speaking for this court, said at page 545, 194 N. W., at page 954:

''The right of an administrator to retain sufficient of the personal estate belonging to an heir to offset any indebtedness due from such heir to the estate is conceded by appellants, but they contend that the right of retainer or set-off is limited to the personal estate, and is not applicable to real estate. The courts are apparently a unit upon the first proposition, but they are divided upon the latter. It has been quite generally held that the administrator may retain personal property and deduct the amount of the heir's indebtedness from his share of the surplus proceeds of the sale of the real estate of an intestate. Fiscus v. Moore, 121 Ind. 547, 23 N. E. 362, 7 L. R. A. 235; In re Dickinson's Estate, 148 Pa. 142, 23 Atl. 1053; Nelson v. Murfee, 69 Ala. 598; Hopkins v. Thompson, 73 Mo. App. 401; Smith v. Smith, 13 N. J. Eq. 164. Courts in many jurisdictions apply the same general rule to real estate as to personalty. Fiscus v. Fiscus, 127 Ind. 283, 26 N. E. 831; Wilson v. Channell, 102 Kan. 793, 175 Pac. 95, 1 A. L. R. 987; Oxsheer v. Nave, 90 Tex. 568, 40 S. W. 7, 37 L. R. A. 98; Gosnell v. Flack, 76 Md. 423, 25 Atl. 411, 18 L. R. A. 158; New v. New, 127 Ind. 576, 27 N. E. 154; Brown's Admr. v. Mattingly, 91 Ky. 275, 15 S. W. 353; Keever v. Hunter, 62 Ohio St. 616, 57 N. E. 454; In re Donaldson's Estate, 158 Pa. 292, 27 Atl. 959; Streety & Co. v. McCurdy, 104 Ala. 493, 16 So. 686; 2 Woerner on American Law of Administration, 2d Ed., section 564.

''Courts denying the right of retainer or set-off against real estate proceed upon the theory that the real estate of an intestate descends directly to the heirs, upon the death of the ancestor, and that title vests at once in them, subject only to the debts of the intestate. Courts applying the contrary doctrine base the same either upon statute or upon the theory that an heir who is indebted to the estate has, to the extent of such indebtedness, already, in effect, received distribution, and that his interest in the real estate should, in making distribution, be charged therewith, if the personal property is insufficient. Sen-

neff v. Brackey, 165 Iowa 525, 146 N. W. 24, 1 A. L. R. 978, and cases cited.

"This court, with a single exception, is committed to the doctrine that limits the right of retainer or set-off to the personal estate."

And in the recent case of Bauer v. Bauer, 221 Iowa 782, 266 N. W. 531, the late Justice Parsons, speaking for this court, said at page 787, 266 N. W., at page 534:

"In the Kramer case, which involved two actions, one for partition of real estate owned by plaintiffs and certain of the defendants, and the other an action for forcible entry and detainer against certain other defendants, in commenting on the case, the court says on page 1278 (Kramer v. Hofmann, 218 Iowa 1269, 257 N. W. 361, on page 366):

" 'Nor do we think that the trial court was without the power to offset the defendant Oscar Hofmann's indebtedness to his mother's estate as against his interest in the real estate. The partition suit was an action in equity. We think it appears in the evidence that there was not sufficient personal property in his mother's estate so that Oscar Hofmann's indebtedness to the estate could be paid out of his share therein, and that Oscar Hofmann was insolvent. While the general rule is that the indebtedness of an heir cannot be set off against his interest in real property belonging to the estate, there are exceptions to this rule which are recognized in equity and have been approved by this court. One of these exceptions is where an heir or devisee is insolvent and the share of the insolvent in the personal property of the deceased is insufficient to pay the claim of the estate against such heir or devisee,' citing Senneff v. Brackey, 165 Iowa 525, 146 N. W. 24, 1 A. L. R. 978; Woods v. Knotts, 196 Iowa 544, 194 N. W. 953, 30 A. L. R. 768; Schultz v. Locke, 204 Iowa 1127, 216 N. W. 617; Yungclas v. Yungclas, 213 Iowa 413, 239 N. W. 22.

"In Yungclas v. Yungclas the court holds that the right exists to have the debts of an insolvent heir to an estate set off against his share in the estate, and is available against the insolvent's share in the real estate, as well as against his share in personal property. The court says on page 415 of 213 Iowa, pages 22, 23 of 239 N. W.:

" 'The first question urged on our attention is that the right

of set-off. or retainer, when it exists, is limited to the personal estate, and is not available against the real estate inherited. This much-mooted question has received our careful attention, and all of the authorities are reviewed in the case of Woods v. Knotts, 196 Iowa 544, 194 N. W. 953, 30 A. L. R. 768, which case has been followed in In re Estate of Mikkelsen, 202 Iowa 842, 211 N. W. 254; Schultz v. Locke, 204 Iowa 1127, 216 N. W. 617; and Lusby v. Wing, 207 Iowa 1287, 224 N. W. 554, where we have committed this court to the doctrine that the right of set-off, when it exists, is available against the real estate as well as the personal property inherited.' ''

We find that this court has adopted the rule that the right of offset exists against the real estate only when the heir is insolvent. So in the case at bar we turn to the record to ascertain whether or not the heirs in this case were insolvent. The only witnesses the appellant offered were the two defendants on the cross-petition, Ray Harrison and Ross Harrison. Both of these men testified that they were solvent, and listed certain property that they owned. The distinguished and able trial court had the witnesses before him. We quote from his finding and decree:

"In all of our Iowa cases the sole exception to the general rule that a debt due from an heir may not be set off against his interest in real estate, which has been recognized by the Court is in case of insolvency. Solvency is presumed, and the burden of showing insolvency is on the party who must establish it. The evidence in this case fails to show the Harrisons insolvent; one had $450.00 in Government Bonds and $50.00 indebtedness; the other had around $1,500.00 in the bank, and had had this amount for several years, and only owed one month's grocery bill; he also owned a truck and trucking business which he valued at $3,000.00, and there was no evidence to refute or contradict this.

"I am not disposed to hold that the mere fact that the collection of the debt by ordinary means may be prevented by the bar of the statute is sufficient to take this case out of the general rule, and place it within the exception."

The appellant having failed to prove that Ray Harrison and Ross Harrison were insolvent, the lower court was right in

204

entering the decree, and its judgment must be, and it is hereby, affirmed.—Affirmed.

HAMILTON, STIGER, SAGER, HALE, BLISS, MILLER, and OLIVER, JJ., concur.