IN RE ESTATE OF ANDREW E. FAIRCHILD.

No. 45795.

APRIL 7, 1942.

Frazier & Rees, for appellant.

Rhinehart & McLaughlin and George B. Craven, for appellees.

SAGER, J.—Andrew E. Fairchild, a brother of Matt Fairchild, died intestate, leaving only collateral heirs. Appellees are the children and grandchildren of Matt, who predeceased Andrew by many years. He was owing to Andrew, it is claimed, notes in an amount which, if offset, would leave appellees nothing of their inheritance. The cause before us presents the one question: Is the inheritance which Matt Fairchild's heirs derive from the estate of Andrew subject to the debts of Matt or does it pass directly from the estate of Andrew to them free from such debts? The trial court ruled that the right of offset did not exist.

Since our statutes and decisions answer the question before us, we purposely omit citation or analysis of authorities from other jurisdictions. Our statutes with reference to testate estates will be found in chapter 505 of the 1939 Code, and more particularly as affects this case, in sections 11860 and 11861; those dealing with intestate property, in chapter 508. Among the provisions of the latter chapter are sections 12016 and 12025. Appellees are within the class described by the last-cited section which reads:

"If both parents are dead, the portion which would have fallen to their share by the above rules shall be disposed of in the same manner as if they had outlived the intestate and died in the possession and ownership of the portion thus falling to their share, and so on, through ascending ancestors and their issue."

We have twice passed on this statute as it affects cases like that before us. Language which applies to this case as if written for it is found in Lash v. Lash, 57 Iowa 88, 90, 10 N. W. 302, 303, wherein we said:

"Whatever the plaintiff or any other heir of the intestate takes he takes directly from the intestate and not otherwise. Nothing in fact intervenes between the death of the intestate and the transmission of his estate to his heirs. The survivorship of the parents is a fiction. We suppose it to determine the descent. For that purpose we need suppose it as continuing only for an instant. Both parents are to be supposed as then dying in the ownership of the property, which would have gone to them respectively. Neither is to be supposed as taking from the other, because in fact neither has anything which the other can take. It is immaterial which of the parents died first or whether the one which died first died testate or intestate."

See, also, Wilcke v. Wilcke, 102 Iowa 173, 71 N. W. 201.

In the cases of In re Estate of Mikkelsen, 202 Iowa 842, 211 N. W. 254, In re Estate of Rees, 204 Iowa 610, 215 N. W. 726, and In re Estate of Rueschenberg, 213 Iowa 639, 239 N. W. 529, we had occasion to pass on the effect of section 11861, which reads:

"If a devisee die before the testator, his heirs shall inherit the property devised to him, unless from the terms of the will a contrary intent is manifest."

In the cases last cited we considered the law as applied to testate estates. We there discussed how the intent of the testator in making disposition of his estate entered into the determination of the question whether devised property should be subject to offset in whole or in part by debts owing by devisees. We need not repeat. It is sufficient to say that in those cases it was held, in effect, that a testator would not ordinarily be presumed to have intended to favor debtor devisees by allowing them not only to take their full inheritances but to escape the payment of debts owing the estate. It will thus be seen that in the earlier cases to which we have referred we were concerned with intestate property, while in the later ones we dealt with property passing by testamentary disposition. We see no reason for modifying the principles announced by these cases. But appellant insists that:

"To augment the appellees' share as against the other heirs

simply because Fate, by chance, ordained an earlier death for Matt Fairchild than for his brother, Andrew E. Fairchild, or because Andrew E. Fairchild perchance died intestate, would be abhorrent to sound reasoning. It would give to the statute a meaning not intended by the Legislature.''

A sufficient answer to this would seem to lie in the fact that the Lash case, supra, was decided over 60 years ago, and yet, the intervening years have heard from the legislature no word of protest. Appellant cites these cases, none of which persuades us to a different result:

Haynes v. Harris, 33 Iowa 516; Stahl v. Brown, 72 Iowa 720, 32 N. W. 105; Blackman v. Baxter, Reed & Co., 125 Iowa 118, 100 N. W. 75, 70 L. R. A. 250, 2 Ann. Cas. 707; In re Estate of Acken, 144 Iowa 519, 123 N. W. 187, Ann. Cas. 1912 A, 1166; Cooley v. Maine, 163 Iowa 117, 143 N. W. 431; Senneff v. Brackey, 165 Iowa 525, 146 N. W. 24, 1 A. L. R. 978; Woods v. Knotts, 196 Iowa 544, 194 N. W. 953, 30 A. L. R. 768; Packer v. Overton, 200 Iowa 620, 203 N. W. 307; Schultz v. Locke, 204 Iowa 1127, 216 N. W. 617; Rodgers v. Reinking, 205 Iowa 1311, 217 N. W. 441; Lusby v. Wing, 207 Iowa 1287, 224 N. W. 554; Johnson v. Smith, 210 Iowa 591, 231 N. W. 470; Yungclas v. Yungclas, 213 Iowa 413, 239 N. W. 22; Bell v. Bell, 216 Iowa 837, 249 N. W. 137; In re Estate of Flannery, 221 Iowa 265, 264 N. W. 68; Bauer v. Bauer, 221 Iowa 782, 266 N. W. 531; Petty v. Hewlett, 225 Iowa 797, 281 N. W. 731; In re Estate of Morgan, 226 Iowa 68, 283 N. W. 267; In re Estate of Sheeler, 226 Iowa 650, 284 N. W. 799.

It may be conceded that expressions will be found in some of the earlier cases which seem to tend to support appellant's contention, but our later decisions remove the seeming conflict. The rule announced in the Lash case, supra, established the law as applied to estates which pass by the statutes of descent. The ruling of the trial court in the case at bar is in accord with that decision and with the Wilcke case, supra.

The proposition urged on appellees' cross-appeal, dealing as it does with a question of pleading, is rendered moot by this opinion and calls for no comment.

Concluding, as we do, that the trial court's finding and

judgment was right, this case is affirmed on both appeals.—Affirmed on both appeals.

All JUSTICES concur.